Argued 23 November; decided 17 December, 1900.

## STATE *v.* HUFFMAN.

[ 63 Pac. 1.]

CRIMINAL LAW—CONTINUANCE—DISCRETION.

1. Refusal of continuance in a criminal case, for absent witnesses, who, according to defendant's affidavit, would testify that the prosecuting witness told them that her mother had tried to induce her to tell something about defendant that would get him into great trouble, but that she refused to do so because it was not true, can not be held an abuse of discretion; it not being shown how the evidence was material, or that the statement to the prosecuting witness was not made before the alleged crime was committed: *State* v. *Howe*, 27 Or. 138, applied.

DEFENDANT AS EVIDENCE OF HIS OWN AGE.

2. Where it is necessary that the jury be satisfied that defendant is over a given age, an instruction that the state need not produce any evidence, defendant being present and being evidence of his age, of which the jury are judges, can not be held error in the absence of a special showing that such a rule would be misleading, his appearance being evidence of his age.

From Harney : MORTON D. CLIFFORD, Judge.

W. D. Huffman was convicted of the crime of rape, upon an indictment returned April 19, 1900. The crime is charged to have been committed July 1, 1899, and, among other things, it is alleged that the defendant was "then and there a male person above the age of sixteen years." He was arraigned on the day the indictment was found, and on the day following he entered a plea of not guilty, and filed a motion for a postponement of the

trial to the next term of the court, supported by his affidavit, wherein he stated, in substance, that he could not safely go to trial without the testimony of Alexander Castro and John E. Lawrence, who would testify, if present, that on or about July 20, 1899, Alfa Farrens, the prosecuting witness, informed them that her mother had theretofore tried to induce her to tell something about the defendant that would get him into, or cause him, great trouble, but that she refused to do as her mother desired, for the reason that it was not true ; that said testimony was material ; and that the motion was not made for the purpose of delay, but that justice might be done. The court refused to grant the continuance, and its action in this regard is assigned as error.   The trial of the case was begun on the twenty-sixth day of April and concluded on the twenty-seventh.   The court charged the jury that the averment respecting the age of the defendant at the time of the alleged commission of the crime was material, and that before they could convict him they must be satisfied beyond a reasonable doubt that he was then above the age of sixteen years, and concluded with the specific instruction "that it is not necessary for the state to produce any evidence of the age of the defendant in this case, as the defendant himself is present, and is evidence of his age, of which you are the judges."   An exception was saved to this instruction, and constitutes the second ground of error.   Judgment having been rendered on the verdict, the defendant appeals.   AFFIRMED.

For the appellant there was a brief over the names of *Lionel R. Webster* and *Biggs & Turner*, with an oral argument by *Mr. Webster*.

For the state there was a brief over the names of

*D. N. R. Blackburn,* Attorney-General, and *William Miller,* District Attorney, with an oral argument by *Mr. Blackburn.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

We will dispose of the two questions in the order stated.

1.   A motion for a continuance is always addressed to the sound, legal discretion of the court, and the action ·of the trial court concerning it is not subject to review, except for an abuse of that discretion, or where it has been injudiciously and unwisely exercised, to the prejudice of the moving party :   *Vanblaricum* v. *Ward,* 1 Blackf. 50 ;   *Davis Mfg. Co.* v. *Riverside Cheese Co.* 84 Wis. 262 (54 N. W. 506); *State* v. *O'Neil,* 13 Or. 183 (9 Pac. 284); *State* v. *Howe,* 27 Or. 138, 146 (44 Pac. 672).   The alleged evidence upon which the continuance was sought impresses one as vague and mysterious in character.   It is that the prosecuting witness had informed the absent witnesses that her mother tried to induce her to tell something that would get the defendant into great trouble, but that what she wanted to tell was not true.   Whether this evidence was wanted to impeach the prosecuting witness, or to show a conspiracy between the mother and daughter to inculpate the defendant, or in what particular respect it would become material, is not shown.   Without some such further showing, its materiality is not clearly apparent.   The bill of exceptions shows that the mother and daughter were both called at the trial ; that the former testified merely that she was the mother of the prosecutrix, and the latter that she was the person upon whom the crime was charged to have been committed, and that

her name was Alfa Farrens. But this did not aid the showing for a continuance in any particular. Furthermore, the affidavit is indefinite as to the time when the mother tried to induce the prosecuting witness to tell " something " about the defendant. For aught that appears, it may have been long before the alleged commission of the crime, with which he is charged, and possibly could have no relevancy to his defense in this action. Upon the whole, we can not say that the court below abused its legal discretion, and hence there was no error in overruling the motion.

2.   As it concerns the second assignment, touching the court's instruction to the jury, it may be premised that the bill of exceptions shows nothing of the evidence or of the personal appearance of the defendant, as regards his age, tending to elucidate the instruction in any particular. Hence we have the simple question to deal with, whether such an instruction is proper in any case. Error will never be presumed, but must be made to appear before it can be available to induce a reversal upon appeal. Where the appearance of the accused sufficiently indicates his probable age, it may be considered as evidence of the fact: *People ex rel. v. Justices of Spec. Sess. of New York Co.* 10 Hun, 224. Mr. Wharton says that " when age can be ascertained by inspection the jury must decide ": 1 Wharton, Cr. Law, § 73. And in *State* v. *Arnold*, 13 Ired. 134, where the question was as to whether the defendant was under the age of fourteen years,— a matter incumbent upon him to establish,— it was held that, " as there was no proof on the point, it could only be judged of by inspection, and, so far as that goes, it must be taken to have been decided against the prisoner both by the court and the jury." So, in *State* v. *McNair*, 93 N. C. 628, where the same defense was interposed,

the court said to the jury, " It is for you to say whether
he is under fourteen years of age or not, being, as you
see him before you, grown to the stature of manhood ";
and the ruling was affirmed upon appeal. *Commonwealth
v. Emmons,* 98 Mass. 6, is directly to the purpose. The
charge was that, as a keeper of a billiard room or table,
the defendant did admit certain minors without the con-
sent of their parents or guardians, and the question came
up as to whether the parties were minors, as alleged.
The trial court ruled that as to one of them the jury
might determine, by personal inspection of him, whether
or not he was a minor, and no evidence of his age was
admitted. The appeal was taken there, as here, without
any explanation in the record touching the physical ap-
pearance of the supposed minor. In deciding the case,
Mr. Chief Justice BIGELOW says : " There is nothing in
the bill of exceptions from which it can be inferred that
the defendant was aggrieved by the ruling of the court
in permitting the jury to judge whether one of the alleged
minors was under-age, from his appearance on the stand.
There are cases where such an inspection would be
satisfactory evidence of the fact. It certainly was not
incompetent for the jury to take his appearance into
consideration in passing on the question of his age, and,
as it does not appear that this may not have afforded
plenary evidence of the fact, the defendant fails to show
that he was convicted on insufficient evidence, or that he
has been prejudiced by the ruling of the court." It is
readily supposable that there are cases in which the
senses can not be mistaken. A mere youth could not be
mistaken, as regards his age, for a man past the meridian
or in the decline of life. As to what were the conditions
in the case at bar, we are not advised ; and for the very
reason that it may have been a case wherein the jury
might have determined the fact with inevitable cer-

tainty by an inspection of the defendant, who was necessarily present in court, we can not say there was error in the instruction complained of. We are aware that there are cases holding that evidence must be adduced of the age, because it is not practicable to present the matter of personal appearance by the record (*Stephenson* v. *State,* 28 Ind. 272; *Ihinger* v. *State,* 53 Ind. 251); but we are satisfied that, where there can exist any doubt in the premises, enough could be made to appear so that the defendant could make his appeal effective. The judgment of the court below must be affirmed, and it is so ordered.                                        Affirmed.