### STATE *v.* HORN.

[ 65 Pac. 1066.]

AFFIRMING FOR FAILURE TO FILE BRIEF.

Where appellant has failed to comply with the rules of court regulating the serving and filing of briefs, and no excuse is offered for the omission, the judgment appealed from will be affirmed on motion.

Appeal from Malheur Circuit Court.

Action by the state against Riley M. Horn and others. Judgment for the state, and defendants appeal. Motion to affirm the judgment for appellants' failure to serve and file a brief.                    AFFIRMED.

*Mr. D. R. N. Blackburn,* Attorney-General, for the state.

PER CURIAM.    This is a motion to affirm a judgment. The transcript was filed at Pendleton on April 11, 1901, and on the tenth of May, in pursuance of the stipulation of the parties, the cause was transferred to Salem for argument.    No brief has been filed by the appellants, however, and for this reason the attorney-general moves to affirm the judgment.    No excuse is offered for the failure to file the brief, except that the rules of the court on that subject do not apply to cases for hearing at Pendleton. But Rule 32, which was framed by and adopted at the suggestion of a committee of the Eastern Oregon bar, provides that in such cases the appellant must serve a brief within thirty days after his appeal is perfected, and file the same in the appellate court at least ten days before the first of the term :  35 Or. 608.    And as this rule has not been complied with, and no excuse presented for the delay, the judgment will be affirmed, on the authority of *Blank* v. *Walker,* 33 Or. 372 (53 Pac. 1133); *Reynolds* v. *Jackson County,* 33 Or. 422 (53 Pac. 1072); *State* v. *Rowe,* 36 Or. 79 (60 Pac. 203).                    AFFIRMED.