## COLE v. WILLOW RIVER COMPANY.

[117 Pac. 659: 118 Pac. 176, 1030.]

APPEAL AND ERROR—DISMISSAL—MOTION—DEFAULT.

1. An appeal was duly perfected under Section 550, subds. 2, 4, L. O. L., on February 13, 1911, and rule 37 (50 Or. 588: 91 Pac. xii) required appellant to serve a brief within thirty days thereafter. Rule 14 (50 Or. 579: 91 Pac. x) provides for a motion to dismiss the appeal for failure to file brief, and rule 20 (50 Or. 581: 91 Pac. xi) requires that such motions be filed with the clerk and served on the opposite party, who within ten days from such service shall serve an answering paper on the moving party, or shall be deemed to have confessed the motion. Appellant's brief was not filed until May 2d, and on the same day respondent, claiming that he had no notice that the brief had not been filed, moved to dismiss the appeal, and appellant on service of this motion made no opposition to it for more than ten days, and thereafter on July 5, 1911, the appeal was dismissed. *Held* that, under the rules, the order of dismissal was properly made.

APPEAL AND ERROR—DISMISSAL—MOTION TO DISMISS.

2. Although respondent has knowledge of the appellant's failure to file his brief for more than ten days before filing a motion to dismiss he is not required in his motion to negative the possibility that he has had notice of the defects on which he grounds the motion; his waiver, if any, being a matter of defense, properly brought to the court's attention by the answering paper required by rule 20 (50 Or. 581: 91 Pac. xi).

APPEAL AND ERROR—TIME TO FILE BRIEF—EXCUSE FOR FAILURE.

3. Where an appeal was perfected on February 13th, and no brief was filed within thirty days, as required by rule 37 (50 Or. 588: 91 Pac. xii), and one of appellant's counsel by affidavit represented that he was misled by letters of respondent's attorneys suggesting that appellant be present with its brief on the first day of the term and argue the case, and that his associate counsel took no action on the suggestion, but assumed that the matter would be attended to by him, and where appellant was not present with counsel and brief at the opening of the term, and the brief was not filed until the second day of the term, and the affiant, not having argued the case, then withdrew his application for an extension of time in which to file, the failure to serve a brief within the required time is not excused.

APPEAL AND ERROR—DISMISSAL OF APPEAL—FILING OF TRANSCRIPT — POWER OF COURT TO DISMISS.

4. After the transcript on appeal is filed, the court has power to dismiss for appellant's failure to file the brief within the time provided by rule 37 (50 Or. 588: 91 Pac. xii).

APPEAL AND ERROR—BRIEFS—FAILURE TO FILE—TIME—EXCUSE.

5. The time of filing a transcript on appeal having been extended to April 15, 1911, the transcript was actually filed April 10th. The appeal was perfected on February 13th, and appellant's brief filed on May 2d; appellant's counsel being under the impression, from a prior decision of the Supreme Court, that the thirty days after the appeal was perfected within which he was required to file the brief by Supreme Court Rule 6 (117 Pac. ix), did not begin to run until the filing of the transcript. *Held,* that appellant's default in filing the brief was due to excusable neglect, from which it was entitled to be relieved.

APPEAL AND ERROR—REVIEW—ABUSE OF DISCRETION.

6. The granting or refusing the motion for continuance, being addressed to the sound discretion of the trial court, will not be reviewed on appeal unless such discretion has been abused.

CONTINUANCE—REFUSAL—ABUSE OF DISCRETION.

7. The refusal of a continuance, on the ground of the absence of material witnesses and lack of time for preparation, was not an abuse of discretion, where the cause had been proceeding for over four months, and defendant might have taken the depositions of the witnesses, and the affidavits in support of the continuance showed no grounds for defendant's belief that the absent witnesses would testify as alleged, and defendant had previously pursued dilatory tactics.

APPEAL AND ERROR—REVIEW—DISCRETION.

8. The granting or refusing a motion to make the complaint more definite and certain, being largely a matter of discretion with the trial court, will not be reviewed on appeal unless it appears such discretion was abused.

From Malheur:  DALTON BIGGS, Judge.

This is an action by Leonard Cole against the Willow River Land and Irrigation Company. Judgment was rendered for plaintiff and defendant appeals.

On July 5, 1911, this appeal was dismissed without an opinion and the appellant now files motion to reinstate the appeal.                                                        DENIED.

Decided September 12, 1911.

## ON MOTION TO REINSTATE APPEAL.

[117 Pac. 659.]

*Messrs. Richards & Haga* and *Messrs. Wheeler & Hurley* for the motion.

*Mr. John L. Rand* and *Mr. Morton D. Clifford, contra.*

Opinion PER CURIAM.

1. In this case the notice of appeal, with proof of service thereof indorse thereon, together with the undertaking on appeal, was filed in the circuit court on February 8, 1911. No exceptions to the sufficiency of the sureties having been made within five days thereafter, as provided by Section 550, subd. 2, L. O. L., the appeal was perfected from and after February 13, 1911. "From the expiration of the time allowed to except to the sureties in the undertaking or from the justification thereof, if excepted to, the appeal shall be deemed perfected." Section 550, subd. 4, L. O. L. Rule 37, governing the practice in this court (50 Or. 589: 91 Pac. xiii) requires that, "in cases for hearing at Pendleton, the appellant, except in equity cases to be tried anew, must serve a brief containing a concise statement of the errors relied upon, within thirty days after the appeal is perfected." Under this rule the brief of the appellant was due to be filed on or before March 15, 1911; but it was not filed until May 2d of that year. On the same day the respondent, claim-

ing by an unverified statement in his motion that until that time he had no notice that the brief had not been filed, moved to dismiss the appeal. Although this motion was served on counsel for appellant at the time of filing, no opposition to it was made in any way for more than 10 days thereafter, and on July 5, 1911, there still being no opposing paper presented to the court, an order was entered dismissing the appeal. Rule 14 (50 Or. 579: 91 Pac. x) ; *Commercial National Bank* v. *Temple,* 56 Or. 543 (109 Pac. 129) ; *State* v. *Horn,* 39 Or. 152 (65 Pac. 1066) ; *Shafer* v. *Beecher,* 54 Or. 273 (101 Pac. 899) ; *Smith* v. *Smith,* 55 Or. 128 (105 Pac. 706).

This action of the court is justified, not only by the precedents above cited, but also by rule 20 (50 Or. 581: 91 Pac. xi), as amended and adopted October 5, 1909, reading thus:

"All motions and papers supplemental or opposed thereto must be filed with the clerk and served on the opposite party or his counsel, who, within ten days from such service, is required to file and serve an answering paper on the moving party or his counsel, or he shall be deemed to have confessed the motion. The moving party, after being served with an answering paper, may, within five days, serve and file a reply. All motions must be filed within ten days after a party or his counsel obtain knowledge of an alleged failure of the adverse party or his counsel to comply with the requirements of the statute or with the rules of this court. Any neglect to file a motion within such time will be deemed a waiver of all defects, except matters of jurisdiction."

For failure of the appellant to file and serve an answering paper against the motion of respondent to dismiss the appeal within 10 days after service thereof, the appellant is deemed by the terms of the rule to have confessed the motion.

2. It contends now, among other things, that respondent must have known from March 15th, the date when

appellant's brief was due, that no such brief had been filed, because none had been served on him. But this conclusion does not necessarily follow, because there is no rule forbidding the filing of papers without service thereof, and this is of frequent occurrence. Moreover, the fact, if it be a fact, that the respondent had knowledge of the failure of the appellant to file its brief for more than 10 days before filing the motion to dismiss would more properly be a matter to be brought to the court's attention by the appellant in the answering paper mentioned in the rule. The party filing a motion is not required to negative in advance the possibility that for more than 10 days he has had notice of the defects of which he complains. His waiver is a matter of defense, to be urged by his adversary.

3. By the affidavit of one of appellant's counsel it is represented to the court that he was misled into what he claims would amount to excusable neglect on his part by the language of this court in *Shafer* v. *Beecher,* 54 Or. 273 (101 Pac. 899), by the construction placed upon rule 37 by the clerk of this court in a communication responding to appellant's request to have time extended in which to file appellant's brief and by the letters of respondent's counsel suggesting that, if appellant attorneys would be present with its brief on the first day of the Pendleton term, the first Monday in May, they would argue the case on appeal, the respondent to take further time to file his brief. Whether the others of appellant's attorneys of record were misled in any manner does not appear. The affiant states that they (associate counsel) "took no action on the motion of respondent, but assumed that the matter would be attended to by me." Appellant's counsel did not accept the overtures of respondent's attorneys to be present with appellant's brief at the opening of the Pendleton term and then argue the case on appeal. In lieu thereof, the brief was not filed until the second day

of the term, and counsel for appellant did not appear.  It is not clear how appellant can take advantage of an offer of the adverse party, which was not accepted or complied with.

The letter of the clerk in response to appellant's request to have the time for filing its brief extended is not set out in the affidavit; hence we cannot determine whether affiant's construction of the letter is sound or not, even if the clerk had authority to speak for the court.  But it does appear that the affiant afterwards requested the clerk not to present the application for extension of time. In *Shafer* v. *Beecher,* 54 Or. 273 (101 Pac. 899), where it was sought to excuse the failure to file appellant's brief by a showing of pressure of business on his attorney and delay of the printer in getting out the brief, this court held that reasonable diligence, under the circumstances, required the appellant to apply to the court for an extension of time.  With this case and others like it cited above before him, the affiant, not to speak of his associates, without availing himself of the offer of respondent to argue the case at the opening of the Pendleton term, withdrew his application for an extension of time and went to San Francisco in attendance on the United States courts.  His case is substantially like that set out in behalf of appellant in *Shafer* v. *Beecher,* in which the court affirmed the judgment of the circuit court on motion, because appellant's brief was not filed in time.

The essence of appellant's contention, however, is that *Shafer* v. *Beecher* places a construction on rule 37 relating to the Pendleton term to the effect that the 30 days within which the appellant must file its brief means that period of time after the transcript or abstract of record is filed, and not, in the language of the rule, "within thirty days after the appeal is perfected."  True enough, the transcript was filed in that case January 20th, and the court said the brief was due on February 20th, although,

as the files of this court show, the appeal was perfected January 4th. The opinion might as well have stated that the brief was overdue February 20th. It was in fact due as early as February 3d, that being within 30 days after the perfection of the appeal on January 4th. Because the court said it was due February 20th, or as elsewhere in the statement set down as "before February 20th," the converse does not follow that it was not due before then. The perfection of an appeal is given a statutory definition by our code (Section 550, subd. 4, L. O. L.), under the terms of which it dates from five days after the service of the undertaking on appeal, if no objections to the sureties appear. We cannot rightly give these words a different meaning in the face of that statute. So far as *Shafer* v. *Beecher* may be construed to give another signification to the perfection of an appeal, it should at least be distinguished.

4. It is also contended by appellant that, inasmuch as this court could not have acquired jurisdiction over the cause until the transcript was filed (Section 554, L. O. L.), it could not have made an effectual order extending the time to file a brief at any date within 30 days after the appeal was perfected, so that an application to this court for that purpose would have been useless. The conclusion urged is that the omission to file the brief does not affect the appellant, unless the deliquency occurred after this court acquired jurisdiction by the filing of the transcript, and hence that the court could not dismiss the appeal. The answer to that reasoning is that the court did not undertake to make the order dismissing the appeal until after the transcript was filed, and it then had the same authority to make the order for that shortcoming of appellant as for any other occurring before filing the transcript, as, for instance, a defective notice of appeal or undertaking, or want of service of notice, and the like. Besides, *Shafer* v. *Beecher* pointedly

says that the proper course is for the appellant to apply here for further time to file its brief.

We do not think the array of counsel for appellant should be allowed to make a scape-goat of one of their number, who happened to be otherwise engaged to the detriment of the case in hand, so as to avoid the operation of the plain terms of rule 37 (50 Or. 589: 91 Pac. xiii). It has been enforced in other cases, as well as in *Shafer* v. *Beecher,* and should not be overruled in the case at bar.

The motion of the appellant to reinstate the appeal is denied.                                            DENIED.

Decided October 10, 1911.

ON PETITION FOR REHEARING.

[118 Pac. 176.]

The case of *Leonard Cole* v. *The Willow River Land & Irrigation Company,* a corporation, and the case of *North American Security Company* v. *Leonard Cole,* were considered together, since the question involved is the same in each case.

Rehearing granted and the motion to reinstate the appeal allowed, and motion to dismiss appeal denied.

APPEAL REINSTATED: MOTION TO DISMISS DENIED.

For the motion *Mr. Woodson T. Slater, Mr. George E. Davis, Messrs. Wheeler & Hurley and Messrs. Richards & Haga.*

*Mr. John L. Rand and Mr. Morton D. Clifford contra.*

Opinion PER CURIAM.

5. On petition of appellant for a rehearing upon the motion to reinstate the appeal, and in resistance of the motion to dismiss. The motion of respondent to dismiss was allowed on July 5, 1911, and the motion to reinstate

the appeal was denied on September 12th. This petition was filed on September 29, 1911.

Upon a reconsideration of the whole case, we are of the opinion that the appeal should be reinstated, and the motion to dismiss denied. It appears that the appellant was prosecuting his appeal in good faith, and it is a case of great importance to it. The brief was filed within the time prescribed by the rules, as counsel interpreted or understood them, being confirmed in that understanding by the language of the statement in the case of *Shafer* v. *Beecher,* 54 Or. 273 (101 Pac. 899), namely, that the 30 days in which he must file the brief commenced from the time of the filing of the transcript. The time of filing the transcript had been extended until April 15th, but it was actually filed April 10th. The appeal was perfected on February 13th, and the brief was filed on May 2d. Counsel for the appellant mailed to the clerk of this court an application for an extension of time to file his brief, but later withdrew it, for the reason that he concluded his 30 days would begin to run on April 10th. That circumstance cannot aid him now; but it tends to show diligence on his part. . In *Neppach* v. *Jones,* 28 Or. 286, 289 (39 Pac. 999: 42 Pac. 519), it is said:

"While the court expects and will require counsel to substantially observe the rules in the preparation and service of abstracts and briefs, yet if, through excusable neglect, the service is not made in time the court may relieve the party in default, on a proper showing, from the consequence thereof. The rules were designed and intended to facilitate the business and simplify the practice, and are not so arbitrary or inflexible as to work an injustice, or prevent a hearing in this court, when the failure to comply therewith is owing to the excusable neglect of the party."

We are satisfied from the showing in this case that the default in filing the brief within the time prescribed by

rule 6 (56 Or. 616: 117 Pac. ix), was by reason of excusable neglect, and that appellant should be relieved from his default. *Wood* v. *Fisk,* 45 Or. 276 (77 Pac. 128, 738); *Johnson* v. *White,* 60 Or. 611 (112 Pac. 1083); *Kearney* v. *O. R. & N. Co.,* 59 Or. 12 (112 Pac. 1083).

The appeal will be reinstated, and the motion to dismiss denied.

APPEAL REINSTATED: MOTION TO DISMISS DENIED.

Argued Nov. 1, decided Nov. 28, 1911, rehearing denied Feb. 6, 1912.

ON THE MERITS.
[118 Pac. 1030.]

Statement by MR. JUSTICE MCBRIDE.

On September 12, 1910, plaintiff filed his complaint, alleging substantially that defendant is a corporation, organized under the laws of this State; that on March 17, 1908, plaintiff and one D. M. Brogan entered into a written contract whereby plaintiff agreed to convey to Brogan the clear title to his interest and that of his co-owners in certain described mining claims and water rights in Malheur County; that thereafter on April 2, 1908, Brogan assigned and transferred all his rights under the contract to defendant; that on May 20, 1908, defendant caused a deed to be prepared for execution by plaintiff and his co-owners, conveying to defendant all the property described in his contract with Brogan, which deed, at the request of defendant, was executed by plaintiff and his co-owners and was placed in the First Bank of Vale to be delivered when defendant should pay to plaintiff the $20,000 as specified in the contract; that on May 28, 1908, without the knowledge or consent of plaintiff and contrary to their agreement, defendant caused the deed to be placed on record, and immediately entered into the possession and enjoyment of the property, and is still in

the possession thereof and has erected large and valuable improvements thereon; that neither D. M. Brogan nor defendant has paid any part of the $20,000.

To this complaint defendant appeared on September 20, 1910, by motion, to compel plaintiff to make his complaint more definite and certain, and on January 9, 1911, withdrew the motion and filed an amended motion to the same effect, but alleging new grounds of uncertainty. This was overruled in part and allowed in part on January 11th. Defendant then filed a general demurrer to the complaint, which was overruled, and defendant was given until January 18th to answer. On January 23d it filed its answer, and on the 25th of that month an amended answer was filed, which, in substance, admitted the agreement with Brogan; admitted that the property was conveyed by plaintiff and his co-owners to defendant and the deed recorded; but denied that the deed was recorded without the knowledge or consent of plaintiff; and alleged that plaintiff had consented that the deed should be taken from escrow and recorded. The answer denied that defendant ever promised to pay the $20,000 or any other sum to plaintiff for plaintiff's interest in the property, and denied that at the time of the conveyance plaintiff had any interest therein. For a further and separate defense the answer alleged that at the time the contract of March 17, 1908, between plaintiff and Brogan, was executed, plaintiff represented to Brogan that he had a good possessory title to the lands and a good title to the water rights described in the contract, and that by reason of such statements, and not otherwise, Brogan entered into the contract; that prior to May 28, 1908, and after defendant had taken possession of a portion of the premises and had commenced the construction of a dam and reservoir thereon, the Eastern Oregon Land Company served notice upon plaintiff and defendant that it was the owner of the land and water rights and claimed title

thereto superior to the right or title of plaintiff, Brogan, or defendant; that by reason of such claim the defendant declined to make any payment to plaintiff or D. M. Brogan on account of the purchase of the lands and water rights and declined to carry out the contract or accept a conveyance thereunder; that about the 28th day of May, 1908, plaintiff and this defendant entered into a new agreement relative to the purchase of the lands, whereby it was agreed that the same should be conveyed to the defendant and the deed placed on record so as to vest such title as plaintiff had in the defendant; that no payment on the purchase price should be made to plaintiff until the title and right of plaintiff and his co-owners had been decreed superior to the alleged rights of the Eastern Oregon Land Company; that defendant should bear all the costs and expenses incurred in litigating the controversy with the Eastern Oregon Land Company, such expenses to be deducted from the $20,000 stipulated to be paid as the purchase price; and that no payment should be made until the litigation should be settled or adjusted in favor of defendant. The answer further states that defendant proceeded to defend the title to the lands and water rights; that in November, 1908, a suit was commenced by the Eastern Oregon Land Company in the United States District Court, which is still pending, and that defendant has already expended several thousand dollars defending the suit and will be required to expend other large sums for the same purpose, and that the present action has been prematurely brought.

On the same day plaintiff filed a reply, denying the new matter in defendant's answer, and thereupon defendant moved for a continuance substantially upon the grounds: (1) Lack of time to prepare for trial; (2) absence of material witnesses; (3) inability to obtain certain vouchers of the company from the custody of the United States court in time to prepare earlier for trial; (4) that

under a rule of the court plaintiff was not entitled to try the case at this term.

The affidavits set forth that defendant expected to prove by John B. Hart, one of the absent witnesses, that he was one of the attorneys for defendant in the suit between the Eastern Oregon Land Company and defendant; that in July, 1909, plaintiff told Mr. Hart that he (plaintiff) had no claim whatever against the Willow River Land & Irrigation Company if it did not win in its suit with the Eastern Oregon Land Company, but that if it was successful in that litigation then there should be deducted from the contract price the entire expenses of defendant in defending such suit and the balance only to be paid to him; that he did not consider that he had any claim against defendant until such litigation should be determined in favor of defendant, and then only for such balance; that defendant expected to prove by Edward B. O'Donnell that in the month of May, 1908, it was agreed between plaintiff and defendant that no claim whatever should be made by plaintiff against defendant until the claim of the Eastern Oregon Land Company against defendant should be finally settled, and that the entire cost of any such litigation should be deducted from the amount which was to be paid to plaintiff.

The court overruled the motion and called the case for trial. Both parties waived a jury, and there was a finding for plaintiff for the full amount of his claim; the defendant introducing no testimony. Defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Richards & Haga* and *Messrs. Wheeler & Hurley,* with an oral argument by *Mr. Oliver O. Haga.*

For respondent there was a brief over the names of *Mr. A. A. Smith, Mr. Morton D. Clifford, Mr. John L. Rand* and *Mr. William H. Packwood, Jr.,* with oral arguments by *Mr. Smith* and *Mr. Clifford.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

6. The granting or refusing a motion for continuance is a matter addressed to the sound discretion of the court and will not be reviewed upon appeal unless it appears that such discretion has been abused. *State* v. *Huffman,* 39 Or. 48 (63 Pac. 1) ; *State* v. *Finch,* 54 Or. 482 (103 Pac. 505).

7. We are not prepared to say that the court abused its discretion in this case. The cause had been pending about four months, and defendant had all that time within which to have taken the depositions of the absent witnesses. Section 836, L. O. L. The affidavits show no ground for the belief expressed therein that the defendant will be able to prove the facts recited in the affidavits by the testimony of the witnesses. They do not show that the affiants have ever conversed with Hart or O'Donnell or received letters from them indicating that they will testify as stated, and they entirely fail to state any ground upon which affiants base their expectation that the absent witnesses, if present, would testify as stated therein. It is not alleged that these witnesses have ever stated to anybody, either orally or in writing, that they will so testify, and the court is left to determine without evidence whether or not affiants' belief as to what can be established by them is founded upon information or is a mere matter of conjecture or guesswork. There are many things indicating that the motion was a part of a systematic plan to delay the trial of the action. A dilatory motion had been filed, withdrawn, and another substituted, and finally a suit was begun by another corporation, holding a large block of the stock of defendant and being the holder of its bonds, but having the same attorneys as defendant, to enjoin the prosecution of this action. The circuit judge, whose opportunities to judge the situation accurately were better than ours, probably concluded that the continuance was not sought in the

interests of justice, and we decline to interfere with his determination of the motion.

8. It is contended that the court erred in overruling defendant's motion to make the complaint more definite and certain. It appears from the transcript that the court allowed the motion, in so far as it required plaintiff to state the names of the officers acting in behalf of the defendant in making the promises and agreements with respect to the escrow, and the promise on the part of the defendant company to pay the $20,000, but denied it in all other particulars. None of these appear to us to be vital, and the answer filed by defendant shows that it was sufficiently informed in regard to the claim of plaintiff to be able to meet intelligently every allegation of the complaint not only by denials but by an affirmative defense when necessary. The granting or refusing a motion to make definite and certain is largely a matter of discretion with the circuit court, and the appellant court should not interfere with the exercise of that discretion unless it is satisfied that it has been abused, and we are not so satisfied. Plaintiff's evidence supports the allegations of his complaint, and, although the former president of the company, without whose knowledge the alleged contract with plaintiff could not have been made, was available as a witness for defendant, he was not called, and plaintiff's evidence was not contradicted in any respect. We do not think any harmful error was committed in the admission of evidence and are satisfied that substantial justice has been done in the premises, and therefore refrain from a detailed discussion of the various objections urged by the able counsel for appellant.

The judgment is affirmed.

AFFIRMED: REHEARING DENIED.