Submitted on motion to dismiss. Appeal dismissed January 12, objections to cost bill overruled January 26, 1926.

## L. D. POWELL COMPANY v. W. A. WIEST.

(242 Pac. 624.)

**Appeal and Error—Order, Sustaining Motion to Make Complaint More Definite and Certain, is not Appealable.**

1. Under Section 548, Or. L., order, sustaining motion to make complaint more definite and certain, is not appealable, not being final order, though matters pleaded in affidavit supporting such motion were not well taken.

**Pleading—Order, Requiring Incorporating of Allegations to Make Complaint Definite and Certain, Held Erroneous.**

2. Order, requiring plaintiff to make complaint more definite and certain by incorporating allegations as to whether it had received back books for which action was brought and resold same, and in whom title to books were, *held* erroneous.

Appeal and Error, 3 C. J., p. 598, n. 13.

From Klamath: A. L. Leavitt, Judge.

In Banc.

This is a motion to dismiss an appeal and arises out of the following remarkable state of facts: On the twelfth day of July, 1920, Wiest, an attorney, entered into a contract with L. D. Powell Company, a book publishing corporation, whereby the L. D. Powell Company agreed to sell and deliver to Wiest and Wiest agreed to buy and accept the Encyclopedia of Evidence, volumes 1 to 14, at $6.50 per volume, and the Standard Encyclopedia of Procedure as published at $7.50 per volume, this being evidenced by a written agreement, the substance of which is as follows:

"Please ship me the following books, in buckram binding, transportation prepaid:

"The 'Encyclopedia of Evidence' (Vols. 1–14), at $6.50 per volume.

"The 'Standard Encyclopedia of Procedure' as

published (any volumes in excess of twenty-six including index to be furnished free), at $7.50 per volume.''

The purchaser agreed to pay for said books as follows:

"$7.50 October 1, 1920, cash, and $7.50 per month until all volumes delivered have been paid for, remaining volumes, if any, to be paid for on delivery.

"The title to the above books remains in the L. D. Powell Company until fully paid for, the same to be held, however at my risk. If any of the foregoing installments are not paid within thirty days after they become due, the purchase price of all books delivered will be due and payable, at the option of the company. Six per cent interest runs on installments after maturity.''

The complaint alleges that thereafter volumes 1 to 14 of Encyclopedia of Evidence and Supplement, and volumes 1 to 26 of Standard Encyclopedia of Procedure, with supplement, were duly delivered to defendant herein in accordance with the terms of said contract; that at such times and thereafter plaintiff has complied with all of the terms of said contract by it to be performed and has been ready, willing and able, and is now ready, willing and able to perform and carry out the terms of said contract.

That according to the terms of said contract volumes 1 to 14 of Encyclopedia of Evidence amount to the sum of $98.50, and that volumes 1 to 26 of the Standard Encyclopedia of Procedure amount to $210. The total amount of said contract price of the deliveries of said Encyclopedia of Evidence and Standard Encyclopedia of Procedure was and is the sum of $308.50.

That no part of the contract price has been paid except the sum of $41.80. The balance not being paid, neither the principal nor interest, it is alleged that

the plaintiff elects and does now elect to declare the whole sum of both principal and interest due on said contract and prays for judgment.

After some preliminary skirmishing in regard to the authority of the attorney representing the plaintiff to bring this action, defendant filed a motion requesting the court to require the plaintiff to make its complaint more definite and certain in respect in which it "is now ready, willing and able to perform and carry out the terms of said contract as plaintiff alleges generally in paragraph IV of its complaint herein.

"That plaintiff be required to allege whether or not it has received the said law books back from defendant; and if plaintiff has received back said books, then that plaintiff be required to allege whether or not it has resold the same, or to allege whatever disposition it has made thereof.

"That plaintiff be required to allege in its complaint the party or person in whom the title to said books now rests.

"That plaintiff be required to allege more particularly whether the amount it claims to be due is $311.90, as alleged in VII of the complaint, or $266.70, as shown by the allegations of paragraphs V and VI thereof."

Accompanying this motion is an affidavit filed by the defendant stating, in substance, that the books had been returned to plaintiff and accepted by it and the contract canceled.

The court sustained the motion, and plaintiff did not make the amendments but in due time took an appeal to this court. This comprises the whole of the proceedings and a motion is made to dismiss the appeal because there is no final judgment.

APPEAL DISMISSED.  OBJECTIONS TO COST BILL OVERRULED.

For the motion, *Mr. W. A. Wiest.*

*Contra, Mr. Donald W. Miles.*

McBRIDE, C. J.—If ever a case presented a more complete comedy or tragedy of errors, this is one, and illustrates the futility of endeavoring to perpetuate our inflexible statutory rules of procedure.

Section 548, Or. L., provides, among other matters, the following:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise.  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein. * * shall be deemed a judgment or decree."

1, 2. There was no final order made in this case and no judgment has ever been entered.  While the matters stated in the affidavit, if properly pleaded, might have been available in an answer either as a defense or set-off, or as a partial defense, they were wholly outside the case upon a motion to make more definite and certain.  Not a single one of the five causes, set forth in defendant's motion to make more definite and certain, was well taken, and the order, requiring the plaintiff to incorporate the matters therein required, was wholly erroneous.  The plaintiff was put in a very peculiar position, for if it stood upon its complaint and moved the court to enter judgment against it, such judgment would have been at its request, and it could not have appealed from it.  On the other hand, so long as the proceeding was held up by the erroneous order, the defendant could lie on his oars and not ask for a dismissal and judgment against the plaintiff.  Plaintiff could have complied with the erroneous order thereby introduc-

ing wholly extraneous matter into its complaint. Perhaps it might have been better for it to have done so, but as the case now stands, the proceeding is suspended like Mohammed's coffin, and there is no judgment from which plaintiff can appeal, and we are very reluctantly compelled to dismiss the appeal. This seems an injustice, but we have no power to override the provisions of the statute greatly as we dislike to do otherwise. Some time in the future, we trust that the court will not be placed in a suit of legislative armor, and threatened with censure for an indecent exposure of justice if we take it off and decide in accordance with common sense instead of the statute. The appeal must be dismissed, but we suggest, in view of the circumstances, and the fact that under any theory the case is still pending in the Circuit Court, that plaintiff be given ample time in which to plead further in the matter.

APPEAL DISMISSED. OBJECTIONS TO COST BILL OVERRULED.

BURNETT, BEAN, BROWN, RAND, COSHOW and BELT, JJ., concur in the result only.