Argued February 15; modified March 1; rehearing denied
April 19, 1938

NORBY ᴇᴛ ᴜx. *v.* SECTION LINE DRAINAGE
DISTRICT

(76 P. (2d) 966)

Department 2.

*Henry S. Westbrook*, of Portland (Walter E. Hempstead, Jr., of Portland, on the brief), for appellant.

*F. Leo Smith*, of Portland, for respondents.

RAND, J.  Plaintiffs brought this action to recover for breach of covenants contained in a deed which they executed and delivered to the defendant on June 29, 1923.  The defendant is a drainage district duly organized and existing under and by virtue of Chapter II, Title XXXIV, Oregon Code 1930.  The plaintiffs are husband and wife and own and reside upon premises immediately adjoining the conveyed lands over which the defendant has constructed and is maintaining a drainage ditch.

The particular covenants contained in the deed which the plaintiffs claim were broken by the defendant are the following:

"* * * the said party of the second part shall construct concrete walls on both sides of the ditch to be maintained under the said easement in the said road, which walls shall be four inches in thickness with sufficient cross bars of old railroad iron to render the structure permanent, and shall cover the said portion of the said ditch either with substantial planks or concrete (the choice between such planks and concrete to be at the option of the said party of the second part), and cover the said planks or concrete with a top coat of earth, so as to seal or close the said ditch, except that man holes may be left in said covers at intervals

of sufficient frequency to permit the proper cleaning of said ditch and removal of obstructions therefrom, and the said party of the second part, its successors and assigns shall maintain such covering and all replacements and additions thereto at its own cost and expense, and the said party of the second part shall further construct a cement fill on the north side of the ditch on the said 12-ft. parcel first above described of such dimensions and density to prevent water from said ditch percolating into the well now situate on the remainder of the said tract near to said ditch, and maintain a substantial plank covering over the ditch on the east one hundred and thirty-five feet of said twelve-foot strip.''

It is alleged in the complaint that the defendant failed to comply with its covenant by neglecting to construct a cement fill in the ditch of sufficient dimensions and density to prevent the water flowing in the ditch from percolating into the well and that, by reason thereof, the water in the well became polluted and unfit for household use. It is also alleged in the complaint that the defendant failed and neglected to maintain a covering over that portion of the ditch covenanted in the deed and that, by reason thereof, the ditch and sides thereof have grown up to weeds and brush, thereby rendering plaintiffs' premises unsightly and materially depreciating the market value thereof, and that, because of defendant's said failure to perform said covenants, the plaintiffs have been damnified in a large sum.

Other elements of damage are alleged in the complaint to which we will later refer.

After the cause had been placed in issue, it was tried to a jury and, after an inspection of the premises, the jury returned a verdict in favor of the plaintiffs for the sum of $1,500, and the defendant has appealed.

The defendant demurred to the complaint upon two grounds, namely: that the complaint failed to state facts sufficient to constitute a cause of action, and that several causes of action have been improperly united. The demurrer was overruled and, at the trial, the defendant urged the same objections by objecting to the introduction of any testimony, by a motion for an involuntary judgment of nonsuit, and by a motion for a directed verdict, all of which were overruled by the trial court and each of said rulings is assigned as error.

■■ The promise of the defendant to perform these covenants was based upon a valid consideration—the conveyance of land—and were covenants running with the land: See *Ford v. Oregon Electric Ry. Co.*, 60 Or. 278 (117 P. 809, Ann. Cas. 1914A, 280, 36 L. R. A. (N. S.) 358); and *Guild v. Wallis,* 130 Or. 148 (279 P. 546). Although not signed or sealed by the defendant, yet by its acceptance of the deed and of the estate thereby conveyed, these covenants became binding on the defendant and created a legal obligation upon its part to perform and thereafter it was the defendant's deed as well as that of the plaintiffs and each was estopped to deny any obligation imposed by it upon either thereof. In a note contained in 53 Am. Dec. 254, the annotator says that a grantee in a deed "whereby an estate is conveyed, is bound by the conditions, covenants, and stipulations therein on his part, although it is signed only by the grantor; his acceptance of the deed is such assent to its terms as will render it binding on him", citing in support thereof, *Earle v. Mayor, etc., of New Brunswick,* 38 N. J. L. 47 (9 Vroom, 52). See, also, the two Oregon cases above cited.

■■ The complaint in the instant case, in substance, sets up the execution and delivery of the deed by plain-

tiffs, its acceptance by the defendant, the covenants contained in it, their breach by the defendant, and a consequent damage to plaintiffs, and thus stated a cause of action against the defendant.

The rule of the English common law, that an action of covenant is of a technical nature and cannot be maintained except against a person who, by himself or some other person acting on his behalf, has executed a deed under seal, or who (under some very peculiar circumstances, such as those mentioned in Co. Litt. 231 a.) has agreed by deed to do a certain thing, does not obtain in this state. Under section 1-601, Oregon Code 1930, "all the forms of pleading heretofore existing in actions at law are abolished" and the rules by which the sufficiency of the pleadings are to be determined are those prescribed by the Code. Hence, the question of whether, at common law, this action should have been brought as an action of covenant or in assumpsit, which lies where a party claims damages in consequence of a breach of promise not under seal, or as an action on the case founded in tort, which arises where there has been a breach of duty, is of no importance in this case for the matter is wholly controlled by our own statute. The statute provides that the plaintiff may unite several causes of action in the same complaint when they all arise out of contract, express or implied (section 1-811, subd. 1), and does not permit a cause of action based on contract to be united in the same complaint with a cause of action based on tort. This complaint was not drawn in violation of that rule as the defendant contends. It does not state a cause of action based on contract and one based on tort. It states but one cause of action and that is based wholly on contract and not on tort. It states but one deed and but one consideration

for the covenants contained in the deed and these promises or covenants were made to the same parties and both have been breached by the defendant. Under the facts alleged, the plaintiffs became entitled to recover the consequent damage and, if no actual damages have been sustained, then nominal damage for the breach.

■ The defendant also contends that the complaint was defective in that it failed to state that the plaintiffs had performed the covenants of the deed upon their own part. The particular covenant referred to is that the plaintiffs

"shall maintain at their own cost and expense a fence on the North side of the said 12 ft. parcel first above described from the east to the west boundary of the said tract, to wit: from the county road to the right of way of the Oregon Water Power & Railway Company, which fence shall be of a kind and character at all times sufficient to keep out of the said 12 ft. parcel first above described any and all animals kept or permitted on the remainder of the said tract above described".

This covenant on the part of the plaintiffs is not a condition precedent but an independent covenant. The rule governing this question is stated in 15 C. J., p. 1303, as follows:

"Where the covenants of the parties are independent of each other, in an action for breach of the covenant by either, plaintiff need not allege performance on his part."

To the same effect see *Powell v. Dayton S. & G. R. R. Co.*, 12 Or. 488 (8 P. 544), and *Pacific Mill Company v. Inman*, 46 Or. 352 (80 P. 424).

For these reasons, the demurrer was properly overruled.

■ Before filing the demurrer, however, the defendant moved to make the complaint more definite and certain by stating the time when the plaintiffs first sustained the damage sued for and later on the trial moved the court for permission to amend its answer, setting up the statute of limitations as a bar to the recovery of damages beyond the period covered by the statute. Both of these motions were overruled and the rulings are assigned as error upon this appeal.

Our statute (sections 1-203 and 1-204, Oregon Code 1930) provides that an action on a sealed instrument shall be commenced within 10 years and that an action upon a contract shall be commenced within six years from the time the cause of action arose. This action was commenced by the filing of a complaint on April 28, 1936, and some of the damages had been sustained beyond the periods named. For that reason it is unnecessary to determine which of the two statutes is controlling. Although these covenants were continuing covenants, the defendant was entitled to plead the statute as to all the damages not within the statute. The time when these damages first arose was not stated in the complaint and consequently was not subject to demurrer upon that ground. Therefore, until the evidence was produced the defendant was not apprised of whether any of the damages claimed were beyond the period fixed by the statute. It was error, therefore, for the court to deprive the defendant of the right to plead the statute. ·

■■ The defendant also contends that, since the evidence shows that the defendant, within a short time after receiving the deed and in compliance with its covenant, covered the ditch with a substantial plank covering and that this covering rotted away and was removed

some three or four years prior to the commencement of the action, this was a sufficient compliance with the covenant and, in support thereof, it cites certain cases where it was held that a contract upon the part of a railroad company, in consideration of a deed for its right of way, to maintain a stopping place or to erect a depot at a certain point on the land and to maintain the same at said place, was sufficiently complied with where the same had been erected or the trains had stopped to take on or let off passengers for a number of years and the location of the road was thereafter changed. It also cites other cases where land was conveyed in consideration of the maintenance of a school thereon. In all of those cases, the question involved was a question of public policy and, because it was against public policy to require the railroad or the school to further comply with its covenant, the contract or covenant was no longer enforceable. No such question is involved in this case. There has been no change in the location of the ditch or in the conditions surrounding it and the covenant binds the defendant to continue the maintenance of the covering on the ditch and, the covenant being a continuing one, the defendant must comply therewith or be subject to whatever damage the plaintiff may sustain by reason of its non-compliance.

That is not true, however, in respect to the covenant concerning the well for the evidence shows that the well has been abandoned and another source of supply has been obtained for the use of plaintiffs.

■ In the complaint, the plaintiffs allege that they had been damaged by reason of the percolation of water from the ditch into the basement of their dwellinghouse. The defendant never covenanted to do anything in respect to the ditch that would prevent the water

from percolating from the ditch into the basement of the house. Most of the items of damage so claimed were eliminated by the court at the trial when it withdrew said matters from the consideration of the jury, but not all of them were eliminated and presumably the part not eliminated was considered by the jury in determining the amount of their verdict, and this also constituted error.

■ Other errors were committed upon the trial, both in the admission of testimony and in the instructions given by the court. It is not necessary to point them out or discuss them for the reason that what has already been said is sufficient to justify a reversal. However, all the evidence taken upon the trial is before us and we are able to determine from this evidence the amount of the damages sustained by the plaintiffs through the breach of defendant's covenants, under Article VII, section 3, of the state constitution which, in part, provides:

"* * * If the supreme court shall be of the opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court."

We find, after a careful consideration of all the evidence offered both on behalf of the plaintiffs and of the defendant, that the plaintiffs have been damaged in respect to the permanent loss of the use of their well

for household purposes and in the damage to their property by reason of defendant's failure to cover the ditch in compliance with its covenant in the total sum of $950. Under the authority conferred by the constitution, it is ordered that the judgment in favor of the plaintiffs be modified and reduced to the sum of $950, and that the plaintiffs have and recover their costs as taxed in the lower court and that the defendant have and recover its costs and disbursements to be taxed in this court, and that this cause be remanded to the court below with directions to enter a judgment in accordance with these directions.

Modified and remanded.

BEAN, C. J., and BAILEY and LUSK, JJ., concur.