Argued December 4, 1957, affirmed March 19, petition for
rehearing denied April 23, 1958

# BAY CREEK LUMBER AND MFG. CO. *v.* CESLA

### 322 P. 2d 925, 324 P. 2d 244

Barzee, Leedy & Erwin, Portland, filed briefs for appellants.

Leo Levenson, Portland, Samuel Jacobson, Portland, and Schwenn & Brink, Hillsboro, filed a brief for respondent.

PER CURIAM. [1]

This is an appeal in an action for the conversion of certain rough lumber which the plaintiff respondent, Bay Creek Lumber and Mfg. Co., a corporation, delivered to the defendants appellant, Carl Cesla and Fred Gabrielson, co-partners, doing business as St. Johns Planing Mill, in Portland, Oregon. The deliveries made over a period of approximately six months in 1951 consisted of 199 truck loads and were received by the defendants for the purpose of planing and then returned to plaintiff on demand or sold for plaintiff's use and benefit.

Acting pursuant to ORS 17.720, the parties consented that the cause be submitted to a referee to hear and determine all issues of law and fact and thereafter make a report of his decision to the court.

Both parties concur that the legal relationship subsisting between them was one of "consignment" or "bailment for sale." Agreements of this character are aptly described in 6 Am Jur 202, Bailments § 39. Also see 8 CJS 274, Bailments § 27.

---

[1] This appeal was initially argued and submitted on December 4, 1957, before Lusk, Warner and Kester, JJ. After the retirement of Kester, J., from the court and before the instant opinion was written, this matter was by stipulation submitted on briefs to the court, en banc, in lieu of a rehearing.

The referee found all truck loads accounted for except four, representing an aggregate of 25,225 board feet, of a value of $58.42 per thousand board feet. The trial judge followed the findings of the referee and entered judgment against defendants for $1,473.64. From this judgment the defendants appeal, assigning two errors only.

The first relates to the trial court's order denying their motion to make plaintiff's complaint more definite and certain by the inclusion of matter descriptive of the kind or species of lumber converted, together with grades, sizes and dimensions.

■ We find no merit in defendants' first assignment. The rule is well settled that when a motion to make a pleading more definite and certain is overruled, the moving party waives any error committed by the ruling by answering over, as defendants did here. *Crane v. School District No. 14*, 95 Or 644, 651, 188 P 712; *Anderson v. North Pacific Lumber Co.*, 21 Or 281, 282, 28 P 5; *Graham v. Corvallis & E. R. Co.*, 71 Or 477, 490, 142 P 774; 1 Bancroft's Code Pleading Practice and Remedies (Ten Year Supp), 404 § 720; 41 Am Jur 567, Pleading § 397; 71 CJS 1152, Pleading § 578, 1160, § 582(d).

The second assignment of error is addressed to the finding of the referee that defendants converted 27,740 board feet of lumber (less allowance of 2 per cent for shrinkage by planing and trimming) worth $58.42 per thousand.

■■ A referee, unless his powers are restricted by the order of reference, performs the same duties that the judge of the court would have performed had he not made the order of reference. It follows, therefore, that in an action at law his findings, both in the circuit court and in this court, are deemed tantamount to the

verdict of a jury. *Ward v. Town Tavern,* 191 Or 1, 36, 37, 228 P2d 216, 42 ALR2d 662. Our determination on the question of the sufficiency of evidence to support a finding in an action at law is not based upon an original inquiry. To the contrary, we are limited by the findings of fact so long as they are supported by substantial evidence. *Bowser v. State Indus. Acc. Comm.,* 182 Or 42, 44, 185 P2d 891; *Butts v. State Indus. Acc. Comm.,* 193 Or 417, 421, 239 P2d 238.

██ Without undertaking to refer to the evidence in particular, or to recite it in detail, it is sufficient to say that the record discloses substantial testimony given and received on the trial to support the finding which the appellants challenge, and it must, therefore, for the purpose of this appeal, be taken as true. Nor do we think that the matters upon which different findings were requested and refused were material to the determination of the question which the defendants raise.

Affirmed.

**ON REHEARING**

320

On Petition for Rehearing

Barzee, Leedy & Erwin, Portland, for the petition.

PER CURIAM.

The appellants have petitioned for a rehearing. They rest their claim upon the sole proposition that the court was in error in holding that there can be no review on appeal from an adverse ruling on a motion to make a pleading more definite and certain when the appellant answers over as the defendants did in the instant case.

Upon a reconsideration of this matter, we find that this court has heretofore held both for and against the rule as employed in our original opinion.

Our inquiry reveals that the following Oregon cases previously cited support the rule applied in the original opinion: *Anderson v. North Pacific Lumber Co.*, 21 Or 281, 282-83, 28 P 5 (1891); *Crane v. School District No. 14*, 95 Or 644, 651, 188 P 712 (1920).

On the other hand, the following decisions of this court may appear to proclaim to the contrary: *Cole v. Willow River Company*, 60 Or 594, 608, 118 P 176 (1912); *Moe v. Alsop*, 189 Or 59, 68, 216 P2d 686 (1950).

The petitioners would have us include in this latter category *Norby v. Section Line Drainage District*, 159 Or 80, 76 P2d 966 (1938). They represent that "the primary ground of reversal [in that case] was the erroneous ruling on the motion to make more definite and certain." We cannot agree with this con-

struction of the opinion and do not find it as one in conflict with the Anderson and Crane cases, supra. In the Norby case, before filing a demurrer, the defendant moved to make the complaint more definite and certain by stating the time when the plaintiffs first sustained the damage sued for and later, on trial, moved the court for permission to amend its answer, setting up the statute of limitations as a bar to the recovery of damages beyond the period covered by the statute. *Both of these motions were overruled and the rulings were assigned as error on the appeal.* (159 Or 87, supra)

It is obvious from a reading of the opinion that the holding of the court was not predicated upon the order overruling the motion to make more definite and certain, but upon the circuit court's denial of the defendant's motion to amend its answer in the manner indicated. At best, reference to the first motion without comment on the ruling is merely a recital of defendant's effort to get the matter incorporated in its last motion into the record. The opinion, at page 87, makes this clear when it says:

"* * * Although these covenants were continuing covenants, the defendant was entitled to plead the statute as to all the damages not within the statute. The time when these damages first arose was not stated in the complaint and consequently was not subject to demurrer upon that ground. Therefore, until the evidence was produced the defendant was not apprised of whether any of the damages claimed were beyond the period fixed by the statute. *It was error, therefore, for the court to deprive the defendant of the right to plead the statute.*" (Emphasis ours.)

To avoid doubt and confusion in the future, we adhere to the rule as expressed in *Anderson v. North*

*Pacific Lumber Co.*, supra, and *Crane v. School District No. 14*, supra, and all other decisions in conflict therewith are overruled.

Not only do we deem the rule as adhered to the most salutary one in appellate practice, but we also think it is more consonant with legislative intent.

Section 1-903, OCLA, prior to its amendment by Chapter 279 of Oregon Laws 1943, provided for the allowance of motions to strike and to make more definite and certain under the conditions there stipulated, but made no provision for appeal arising from an allowance or disallowance of such motions.

Before 1943 it was held that a party waived by pleading over the alleged error arising from a court order overruling a motion to strike. *Voyt v. Bekins Moving & Storage Co.*, 169 Or 30, 38, 119 P2d 586 (1941), and cases there cited. This court had likewise held as far back as 1891 that a party by answering over waived any error committed by overruling a motion to make more definite and certain. *Anderson v. North Pacific Lumber Co.*, supra. And, again, in 1920 in *Crane v. School District No. 14*, supra. Except for *Cole v. Willow River Company*, supra, and *Moe v. Alsop*, supra, the earlier holding in the Anderson case has been consistently observed.

The 1943 amendment to § 1-903, OCLA, as far as pertinent, reads:

"In all cases where part of a pleading is ordered stricken, the court may, in its discretion, require an amended pleading to be filed which eliminates the matter ordered stricken. By complying with the court's order, the party filing the amended pleading shall not be deemed to waive the right to challenge the correctness of the court's ruling upon the motion to strike and it shall be subject to review on appeal from final judgment in said cause."

Chapter 310 of the Laws of 1949 further amended § 1-903, OCLA, but with no substantial change in the substance of the 1943 amendment respecting motions to strike.

■ We take note that notwithstanding that § 1-903, OCLA, made provision for both types of motions, the legislature did not in 1943 and 1949, nor has it since accorded a right to review in the court of rulings made on motions to make pleadings more definite and certain, but expressly limited the right of appeal from orders *allowing motions to strike* and requiring amended pleadings to be filed eliminating the stricken matter. The amendment of 1943 did not enlarge the right to appeal directly from such an order. The rule that an order sustaining a motion is an intermediate order and not appealable still prevails. *In re Norman's Estate*, 159 Or 197, 204, 78 P2d 346; *L. D. Powell Co. v. Wiest*, 117 Or 18, 21, 242 P 624. This part of § 1-903, OCLA, is now ORS 16.400.

■ The failure of the legislature to have granted a right to a review in this court on rulings made on motions to make more definite and certain, as it did from orders allowing motions to strike, indicates to us that it continues to favor the rule as expressed in the Anderson and Crane cases.

The petition for rehearing is, therefore, denied.