Argued 12 October, decided 27 November, 1905.

## WONG SING ,*v.* INDEPENDENCE.

83 Pac. 387.

CONFERRING JURISDICTION — CONSENT OF PARTIES.

1. Courts derive jurisdiction over causes from the same sources from which they derive their existence and jurisdiction cannot be obtained elsewhere. Though parties may voluntarily appear and thereby subject their persons to the jurisdiction, they cannot by either waiver of process or consent confer on any tribunal jurisdiction over the subject-matter of a proceeding, as, for instance, over an appea by voluntarily appearing and trying the questions involved.

APPEAL FROM MUNICIPAL COURTS — REVIEW.

2. The right of appeal from a municipal court cannot be conferred by an ordinance of the city, and the remedy in such cases is by writ of review, where no appeal is provided for by the charter.

STATUTORY CONSTRUCTION — INTOXICATING LIQUORS.

3. Different sections of a statute must be read together to ascertain their full meaning, and sometimes words used in an earlier section must be understood in a later section.

This illustrates the rule: Where a city ordinance provides that no person shall sell liquor in less quantities than a gallon without a license, and in a subsequent section further provides that any one selling or disposing of any liquor without a license shall be punished, the words "in less quantities than a gallon" are impliedly imported into the latter section.

INTOXICATING LIQUORS — INFORMATION.

4. An information for selling liquor in less quantity than is permitted to be sold without a license need not show the exact amount so sold, but, the amount being an element of the offense, the information must show that such amount was less than that allowed, in view of B. & C. Comp. § 1306, requiring a criminal charge to be direct and certain as to the crime meant.

CERTAINTY OF INFORMATION FOR SELLING INTOXICATING LIQUORS — DISJUNCTIVE AND CONJUNCTIVE CHARGES.

5. Under an ordinance forbidding the doing of any of several enumerated acts disjunctively, an information charging the doing of all such acts both conjunctively and disjunctively is neither direct nor certain as to the crime charged (B. & C. Comp. § 1306), and charges more than one offense in more than one form: B. & C. Comp. § 1308.

For instance: Under an ordinance forbidding the sale of "any spirituous, malt or vinous liquors," and making each sale a separate offense, an information in which is charged a sale of "spirituous and malt liquors, or spirituous or malt liquors" is not sufficient under B. & C. Comp. §§ 1306 and 1308.

ESTOPPEL TO QUESTION FORM OF INFORMATION.

6. That an information under a city ordinance is in conformity with the form prescribed by the ordinances of such city does not estop the defendant from questioning its validity or prevent a court from testing it by the general laws applicable thereto.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MOORE.

This is a special proceeding to review a judgment of an inferior court. An accusation was filed in the Recorder's

Court of the City of Independence against the plaintiff herein, which charge, omitting the formal parts, is as follows:

"The said Wong Sing is accused by this complaint with the crime of selling spirituous or malt liquors in the City of Independence, Oregon, committed as follows, to wit: That said Wong Sing, in the City of Independence, in Polk County, Oregon, did on the 14th day of December, 1904, and the 17th day of December, 1904, then and there being, did then and there sell, or cause to be sold, spirituous and malt liquors, or spirituous or malt liquors, in the City of Independence, without license, and contrary to the laws of the City of Independence, the same being a violation of Section 7 of Ordinance 16, which provides for the punishment of such offenses, and contrary to the statutes in such cases made and provided, and against the peace and dignity of the City of Independence."

A demurrer to this pleading was interposed, on the grounds that more than one offense was attempted to be charged and that the facts so stated do not constitute a crime. The demurrer was sustained as to the date, "the 17th day of December, 1904," as set out in the complaint, but overruled in all other respects, and, a trial being had, the plaintiff herein was found guilty as charged and sentenced to pay a fine and the costs and disbursements of the action. He thereupon sued out a writ of review, in pursuance of which the proceedings had against him in the recorder's court in such action, together with a certified copy of Ordinance No. 16, of that city, were certified up to the circuit court for that county, where, upon a hearing based on such return, the writ was dismissed, and from the latter judgment he appeals to this court.   Reversed.

For appellant there was a brief and an oral argument by *Mr. Oscar Hayter.*

For respondent there was a brief and an oral argument by *Mr. Gustavus Adolphus Hurley.*

Mr. Chief Justice Moore delivered the opinion.

1. It is insisted by defendant's counsel, in support of the judgment of the circuit court, that plaintiff had a remedy by appeal from the judgment rendered against him in the recorder's court; and, this being so, a writ of review was not the proper remedy to correct the errors alleged to have been committed.  Assuming, without deciding, that a writ of review does not lie in cases where a remedy by appeal exists, the authority relied upon as conferring the latter right will be examined.  The charter reincorporating the City of Independence, filed in the office of the Secretary of State February 21, 1903 (Sp. Laws 1903, pp. 703, 714), does not in express terms grant such right.  It is argued by defendant's counsel, however, that an ordinance of that city, passed and approved in March, 1894, conferred the right of appeal from judgments rendered in the recorder's court, which municipal enactment was recognized and approved when the new charter was granted.  The clause of the charter relied upon is as follows:

"All ordinances heretofore passed and in force when this act takes effect, and not in conflict with any of its provisions, shall be and remain in force after this act takes effect until repealed by the city council": Sp. Laws 1903, pp. 703, 711, § 28.

The ordinance in question is not certified up as a part of the transcript.  There is printed in the brief of the defendant's counsel what purports to be Section 13 of Ordinance No. 1, of the City of Independence, passed March 7, 1894, and approved three days thereafter, of which the following is an excerpt, to wit: "Defendant may appeal from a judgment rendered in the recorder's court at any time within 30 days from its rendition."  If the proof of the existence of this ordinance was adequate, we do not think the right attempted to be conferred could possibly be granted in the manner indicated.  Jurisdiction of the

subject-matter of actions depends for its exercise upon a valid grant of power, evidenced by proper legislative enactment. The parties to actions may waive their own rights and confer jurisdiction of their persons by a voluntary appearance, but they are powerless to confer upon any tribunal jurisdiction of an appeal, because the right to do so is not vested in them.

2. The section of the charter hereinbefore quoted recognized the validity of ordinances "in force" when the act went into effect. An ordinance attempting to confer jurisdiction of the subject-matter of actions was never in force, and hence no appeal lies from a judgment rendered in the Recorder's Court of the City of Independence.

3. The conclusion thus reached brings us to a consideration of the question whether or not the complaint filed in the recorder's court complied with the requirements of the statute in the manner of charging the plaintiff with the commission of a crime. The charter of the City of Independence, creating the office, analogous to that of a police judge, and prescribing the procedure thereof, contains the following provision:

"The recorder is the judicial officer of the said city, and shall hold court therein at such place as the council may provide, which shall be known as the 'recorder's court,' and he shall * * have exclusive jurisdiction of all offenses defined and made punishable by any ordinance of the city, and of all actions brought to enforce or to recover any penalty or forfeiture declared or given by such ordinance; and he shall be governed by the Justice's Code of this State in all civil and criminal proceedings in the recorder's court, including all proceedings for violation of any city ordinance": Sp. Laws 1903, pp. 703, 707, § 18.

An examination of the Justice's Code of this State will show that the following are the provisions regulating the proceedings of such inferior tribunals, to wit:

"A criminal action in a justice's court is commenced and proceeded in to final determination, and the judgment therein enforced, in the manner provided in the Code of Criminal Procedure, except as in this title otherwise specially provided": B. & C. Comp. § 2263.

In a justice's court a criminal action is commenced by the filing of a complaint therein: B. & C. Comp. § 2264. The complaint is to be deemed an indictment within the meaning of the provisions of Chapter VIII of the Code of Criminal Procedure, prescribing what is sufficient to be stated in such pleading, and the form of stating it: B. & C. Comp. § 2265. The provisions of Chapter VIII of the Code to which attention is called, so far as applicable to the sufficiency of the complaint in the case at bar, is as follows:

"The indictment must charge but one crime and in one form only; except that, where the crime may be committed by the use of different means, the indictment may allege the means in the alternative": B. & C. Comp. § 1308.

And it "must be direct and certain, as it regards the crime charged": B. & C. Comp. § 1306.

The provisions of Ordinance No. 16 of the City of Independence, involved herein, are as follows:

"Section 1. That no person or persons shall be permitted to sell or in any manner dispose of any spirituous, malt, or vinous liquors in the City of Independence in less quantities than a gallon without first having obtained a license therefor from the City of Independence as hereinafter provided.

"Sec. 7. Any person who shall sell, give away, or in any manner dispose of, or shall keep for sale, or offer to sell, give away or in any manner dispose of, within the corporate limits of the City of Independence, any spirituous, malt, or vinous liquors, without first having obtained a license for that purpose as in this ordinance provided, shall, upon conviction thereof before the recorder's court, be punished by a fine of not less than fifty dollars nor

more than one hundred dollars, or by imprisonment in the city jail not less than twenty-five days nor more than fifty days, or both such fine and imprisonment, at the option of the court, and each and every sale or disposal of, or offer to sell or in any manner dispose of, any spirituous, malt, or vinous liquors, shall constitute a separate and distinct violation of the provisions of this section."

Construing the section last quoted in pari materia with the preceding, so as to determine their import, would necessarily incorporate into section 7 the phrase "in less quantities than a gallon," to be found in section 1 of the ordinance. The sales, donations or disposals of intoxicating liquors thus prohibited, without first having procured a license authorizing them, are of quantities less than a gallon. No license is required, and hence no offense is committed against the State law, when in the same transaction a gallon or more of spirituous, malt or vinous liquor is sold, given away or disposed of by any person in the City of Independence.

4. An examination of the complaint in the case at bar, filed in the recorder's court, will show that it fails to state that the quantity of intoxicating liquors alleged to have been sold by Wong Sing was less than a gallon. It was not essential to the validity of the complaint that it should specify the exact measure of the intoxicating liquor sold, such as a gill, a pint, a quart, etc., but it was necessary to aver that the quantity disposed of was less than a gallon: *State* v. *Mondy*, 24 Ind. 268. The complaint, not having averred that the quantity of intoxicating liquor sold was less than the measure specified, failed to state facts sufficient to constitute a crime.

5. It will be remembered that the complaint accuses Wong Sing of selling "spirituous and malt liquors, or spirituous or malt liquors." It will be kept in mind that Section 7 of Ordinance No. 16 of the City of Independence

prescribed a punishment for any person who without a license therefor sold, etc., "any spirituous, malt or ·vinous liquors," and provided that each and every sale, etc., of such liquors should constitute a separate and distinct offense. In *State* v. *Humphreys*, 43 Or. 44 (70 Pac. 824), in announcing the manner of stating the facts constituting the commission of a crime, it is said: "When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all such acts, when not repugnant to each other, may be charged cumulatively as one offense, by using the copulative 'and' where 'or' appears in the statute; but, where the latter word is used in the sense of 'to wit,' or as indicating that the terms preceding and following are synonymous, it is unnecessary to observe the distinction in the manner of enumerating the several acts constituting the alleged crime, in which case the disjunctive 'or' may be used in the information or indictment in the same manner as it appears in the statute." Applying this rule to the case at bar, if it were not for the latter clause of Section 7 of Ordinance No. 16, to which attention has been called making each sale, etc., a separate and distinct offense, the complaint, by charging the sale of spirituous "and" malt liquors, might be upheld. It is possible, however, that under a single sale spirituous and malt liquors might have been mixed, so as to constitute but one violation of the provisions of the ordinance.

There is a marked distinction between spirituous and malt liquors. The former is obtained by distillation, the latter by fermenting an infusion of malt. The qualifying words "spirituous" and "malt" are therefore not synonymous terms, and the employment of either cannot be understood as implying the use of the other, so as to permit the disjunctive "or" as used in the phrase "spirituous or malt liquors," set out in the complaint, to be construed as

"to wit," such as spirituous liquor or whisky, malt liquor or beer, vinous liquor or wine, etc. The specific charge that Wong Sing sold "spirituous and malt liquors," assuming that these kinds of beverages were blended so as to be embraced in a single transaction, is rendered uncertain by the subsequent statement in the complaint that he sold either "spirituous or malt liquors." As the complaint in a justice's court in a criminal action takes the place and performs the service of an indictment, and is construed in the same manner (B. & C. Comp. § 2265), the pleading in the case at bar violates the provisions of the statute which requires that the accusation must be direct and certain as to the crime charged (B. & C. Comp. § 1306), and that it must charge but one crime and in one form only: B. & C. Comp. § 1308.

The plaintiff's counsel contends that the complaint is insufficient because it does not state the name of the person to whom the intoxicating liquors were claimed to have been sold, or aver that such liquors were sold to one John Doe, whose true name was to the private prosecutor unknown. In support of the principle thus insisted upon, it is argued that one of the objects of a conviction or of an acquittal is to prevent the person so accused from again being placed in jeopardy for the same offense, and that unless a complaint contains the averments insisted upon the judgment rendered in an action of this kind might not afford a defendant any indemnity from further proceedings or prosecution. The conclusions reached upon this question by the courts of last resort are variant (11 Enc. Pl. & Pr. 547), but, as the complaint in the case at bar is so defective in other respects, we do not deem it necessary to decide the question presented, believing that in case a new complaint is filed all doubt can be resolved by naming the purchaser as a matter of description of the offense.

6. The defendant's counsel maintain that the complaint in the case at bar complies with the requirements of Section 15 of Ordinance No. 1 of the City of Independence, which prescribes the forms thereof. This ordinance is not certified up or made a part of the bill of exceptions, but, if the complaint is copied therefrom, the sufficiency of the pleading might possibly estop the city, but it could not bind the defendant in a criminal action, nor prevent a court from construing the law applicable thereto.

The complaint being defective in the particulars hereinbefore indicated, the judgment last appealed from is reversed, and the cause will be remanded to the circuit court for Polk County, with directions to set aside the judgment of the recorder's court.        REVERSED.

---

Decided 4 December, 1905.