Argued September 9, reversed and remanded September 29, 1971

## STATE OF OREGON, *Appellant, v.* DARLENE MARIE HOUSE and JAMES GERALD HOUSE, *Respondents.*

489 P2d 381

*Thomas H. Denney,* Salem, Assistant Attorney General, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Alan H. Johansen, Assistant Attorney General, Salem.

*Donald C. Walker,* Portland, argued the cause for

respondent Darlene Marie House. With him on the brief was Terry W. Baker, Portland, for respondent James Gerald House.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN,* TONGUE and HOWELL, Justices.

TONGUE, J.

This is an appeal by the State from a judgment sustaining demurrers by both defendants to an indictment which charged them with the "deliberate and premeditated" killing of their infant child by "* * * wilfully, purposely and knowingly failing and refusing during the life of [the child] to secure and to provide [him] with adequate sustenance, and medical and hygienic care necessary for his physical well being."

The Court of Appeals, in a decision by a divided court, affirmed the holding of the trial court that the indictment was insufficient "* * * to enable a person of common understanding to know what is intended," as required by ORS 132.520 (2), and is not "* * * direct and certain as to * * * the particular circumstances of the crime charged * * *," as required by ORS 132.530. 5 Or App 519, 485 P2d 33 (May 13, 1971).

In so holding a majority of that court (at pp 1004-1005) said that the terms "sustenance" and "hygienic care" were "too broad and indefinite" and that "defendants are entitled to be informed of the inclusive dates between which the state will offer proof as to each of the above three categories."

* Holman, J., did not participate in this decision.

The primary basis for that decision was that ORS 132.530 and 132.540 (1)(f), providing for a demurrer to an indictment on the ground that it is not sufficiently definite and certain, were adopted by the framers of our penal code "in lieu" of a statute providing for a bill of particulars (p 1004), with the result that "cases in jurisdictions where a bill of particulars may be allowed in a criminal case" are not only "instructive" in reaching a proper decision in this case (p 1007), but "more helpful in pointing out the proper result in this case" (p 1009) than are prior decisions in this state under ORS 132.530 and 132.540 (1)(f).

In petitioning this court for a review of that decision it is contended by the state not only that the indictment in this case is sufficiently definite and certain, but that "whatever the ultimate result in this case, this court should reject this false analogy between demurrers and bills of particulars" because "they are not comparable, and the analogy can only lead to trouble in future cases involving the sufficiency of indictments."

Because of the serious nature of that contention and the possible confusion that might result if it is correct, we granted the petition for review in this case.

Upon study of the legislative history of ORS 132.530 and 132.540 (1)(f), we find nothing to support the holding by the majority of the Court of Appeals (at p 1004) that these statutes were adopted "in lieu" of a statute providing for a bill of particulars. Neither do previous decisions of this court support such a holding. See *State v. Reyes,* 209 Or 595, 620-21, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957). Both statutes are in the same language as originally adopted in Oregon's original criminal code. Deady, General Laws

of Oregon 1864, §§ 72, 80 (6). Of more importance, however, the tests to be applied in determining whether an indictment is sufficient for the purposes of a demurrer and whether a defendant in a criminal case is entitled to a bill of particulars are entirely different and are based upon entirely different considerations.

On demurrer it is provided by ORS 132.540 that "the indictment is sufficient if it can be understood therefrom that * * * the act or omission charged as the crime is clearly and distinctly set forth in ordinary and concise language, without repetition, in such a manner as to enable a person of common understanding to know what is intended * * *." This is not only the test specifically provided in Oregon by statute, but is the test generally applied in other jurisdictions in determining the sufficiency of an indictment on demurrer. 4 Wharton, Criminal Law and Procedure 550, § 1759 (1957), and see Joyce, Indictments 316, § 286 (2d ed 1924).

■ On motion for a bill of particulars in a criminal case, however, in states with statutes providing for such motions, the considerations are quite different. First of all, an indictment must be sufficient on demurrer before any right to a bill of particulars arises. See Annot, 5 ALR2d 444, 447 (1949). Indeed, the majority opinion by the Court of Appeals in sustaining the demurrer to the indictment, holds (at pp 1007 and 1009) that cases arising on bills of particulars are "instructive" and "are more helpful" despite its recognition (at p 1007) that "a bill of particulars may be allowed in a criminal case" even though the indictment is "substantially good."

Of more importance is the fact that the purpose of a bill of particulars is not to inform the defendant

of the charge against him (as is the test to be applied in determining the sufficiency of an indictment on demurrer). Instead, its purpose is to provide the defendant with further information respecting that charge so as to enable him to prepare his defense and avoid prejudicial surprise at the trial. Annot, 5 ALR2d 447, 448 (1949). Furthermore, as recognized by the majority (at p 1009) the granting or denial of a bill of particulars is largely discretionary, which is not true of the granting or denial of a demurrer. In addition, a bill of particulars is also easily amended, but any change in the charging allegations of an indictment must be resubmitted to the grand jury, ORS 135.670; ORS 135.690.

■ For these reasons, we believe that to adopt a test for determining the sufficiency of an indictment on demurrer by the application of tests adopted in other states in passing upon motions for bills of particulars would not only be improper, but would result in considerable confusion in the criminal law of this state, to say the least. We are of the further opinion that the express terms of ORS 132.520 (2), 132.530 and 132.540 (1)(f), together with decisions by the court arising under those statutes, provide ample guidance upon the question of the sufficiency of an indictment on demurrer. See, e.g., *State v. Dormitzer,* 123 Or 165, 170, 261 P2d 426 (1927), and *Merrill v. Gladden,* 216 Or 460, 469, 337 P2d 774 (1959). See also Oregon cases as collected and discussed in Hennings, Indictments in Oregon, 1 Env Law 273, 278 (1971). *State v. Dougherty,* 4 Or 200, 203 (1871), cited in the majority opinion of the Court of Appeals (at p 1003) is not to the contrary as we read that decision.

■ As expressly recognized by the dissenting opinion in the decision by the Court of Appeals in this case

(p 1017), it may be that criminal pretrial discovery is desirable in Oregon, particularly in cases such as this. This, however, is primarily a legislative matter. See *State v. Foster,* 242 Or 101, 105, 407 P2d 901 (1965).

We also disagree with the holding by the majority of the Court of Appeals (at p 1005) in sustaining defendants' contention that the indictment in this case was insufficient for failure to inform defendants of "the inclusive dates between which the state will offer proof of wrongful conduct as to each of the above three categories" (i.e., wilful failure and refusal to secure and provide "sustenance," "medical care" and "hygienic care").

The principal case relied upon by defendants and by the majority of that court (at p 1004) in support of that contention is its previous decision in *State v. Davis,* 1 Or App 285, 462 P2d 448 (1969), in which the mother of a child was charged with murder for "failing and refusing to secure and provide [her child] with the care, guidance and protection necessary for his physical, mental and emotional well-being." That indictment was held by the Court of Appeals (at p 289) to be defective in that "defendant could be held accountable for every act or omission since the birth of the child which the jury might find came within the open-ended charge."

■ The indictment in this case, however, is not as indefinite as the indictment in *Davis* (as recognized by the majority, at p 1004) and does not extend to "every act" of defendants, but is limited to the allegation of wilful and deliberate failure and refusal to provide the child with "sustenance, and medical and hygienic care." It also expressly alleges that such conduct extended "during the life" of the child and thus does allege, in

effect, "the inclusive dates between which the state will offer proof of wrongful conduct as to each of the above three categories."

■■ If the killing of an infant child by the wilful and deliberate failure and refusal of its parents to provide food, medical and hygienic care during its short life can constitute the crime of murder, and we think that it can, then we believe that the state should be permitted to allege, as in this case, that such conduct has continued throughout the short life of the child. The only alternative would be to require the state to allege each and every instance of wilful and deliberate failure and refusal to provide food, medical and hygienic care. This, in effect, would not only require the pleading of evidence, but also would make it impossible, as a practical matter, to prepare an indictment in such a case that would be held valid on demurrer.

In our judgment, such a cumbersome practice is not required, at least where, as in this case, the alleged crime consists of a series of similar acts which, in effect, constitute a course of conduct of a continuing nature over a substantial period of time.[①] Thus, we do not agree with the holding by the majority of the Court of Appeals (at p 1005) that "the inherent character of the offense involved in this case requires that the offense be charged with greater certainty and precision," but instead reach quite the contrary conclusion. We

---

[①] Joyce, Indictments 441-4, § 395 (2d ed 1924); People v. Parkinson, 43 NYS2d 690, 693 (1943) (extortion); Com v. Lawrence and Verrona, 47 Dauph 376, 391 (Pa 1939) (conspiracy); United States v. Cowell, 243 F 730 (D Or 1917) (restraint of trade); People v. Buddensieck, 4 NY Cr R 230 (1886) (manslaughter); Lawson and Swinney v. State, 20 Ala 65, 74, 56 Am Dec 182 (1852) (fornication). See 1 Wharton, Precedents of Indictments and Pleas 128 (3d ed 1871). See also 4 Wharton, Criminal Law and Procedure 580, § 1775 (1957), and State v. Lee, 202 Or 592, 276 P2d 946 (1954).

therefore hold that if the state has evidence of wilful neglect and abuse of this child by the deliberate and wilful failure and refusal to provide it with food and with medical and hygienic care throughout the short period of its life, it is entitled to offer such evidence and that the indictment adequately informs defendants of its intention to do so.

Defendants also contend that the facts alleged in this indictment are, at the most, sufficient to charge the crime of manslaughter, rather than first-degree murder, in that the charge made in the indictment is essentially one of nonfeasance, not misfeasance, and is equally consistent with negligence or ignorance as with first-degree murder. (See also specially concurring opinion by FORT, J., at p 1013). Such a contention would overlook the allegation that the indictment alleges that defendants acted with "deliberate and premeditated malice," and also alleges that they not only *failed,* but *refused* to secure and provide their child with food and with medical and hygienic care.

■ This leaves for disposition the question whether the indictment was sufficiently definite and certain in its description of defendants' conduct as a failure and refusal to secure and provide *"sustenance, medical and hygienic care,"* or whether those terms are too vague and indefinite to satisfy the requirements of ORS 132.520 (2), 132.530 and 132.540 (1) (f).

Despite the broad and general nature of these terms, we agree with the view as expressed by the dissenting opinion of SCHWAB, C. J. (at p 1014), as follows:

"\* \* \* [T]he indictment, if we give its language a common-sense interpretation, charges the defendants with deliberately and with premeditated malice

failing (and refusing) to provide their child the minimum requirements of food, medical attention and sanitation necessary to preserve life."

In our opinion, such allegations are sufficiently definite to satisfy the requirements of the ORS 132.520 (2), 132.530 and 132.540 (1)(f). For similar cases see *State v. Staples,* 126 Minn 396, 148 NW 283 (1914), and *State v. Bischert,* 131 Mont 152, 308 P2d 969 (1957). Although these cases are not directly in point, for reasons stated by the majority opinion of the Court of Appeals (at p 1007), no cases directly in point were cited by the majority or by defendants and none have been found by us. However, see *State v. Nunn,* 212 Or 546, 566, 321 P2d 356 (1958).

For these reasons, we reverse the decision of both the Court of Appeals and the trial court and remand this case for trial.

Reversed and remanded.