Argued February 23, affirmed April 13, petition for rehearing denied May 2, petition for review denied June 13, 1972

## STATE OF OREGON, *Respondent, v.* KENNETH GEORGE KRAEMER (No. C-71-03-0716 Cr), *Appellant.*

495 P2d 1241

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant appeals from a conviction without a jury of selling a narcotic drug, namely, oxymorphone, in violation of former ORS 474.020. He assigns as error (1) overruling defendant's demurrer to the indictment and (2) overruling defendant's motion for a not guilty verdict and finding him guilty as charged.

A Portland police officer, acting as an undercover agent, was introduced to defendant by a woman identified as Susan Bones. The first purchase was made for the officer through Susan. The officer was "swindled" in some fashion, however, and did not receive the purchase.

On the next occasion the officer approached defendant alone and defendant agreed to procure a tablet of the narcotic for $13. They drove to a particular location and parked. Defendant took the money, walked out of sight and then returned. He handed the officer the tablet, minus one-quarter of it. Defendant stated that he had obtained the drug from one Goldsworthy using the officer's money and taking a piece of the pill as his commission. Defendant stated this was his usual practice.

The officer testified as to a third transaction which was substantially identical to the second one. The third transaction formed the basis for the prosecution at bar.

■ The trial judge did not err in overruling defendant's demurrer. It was not necessary for the indictment to allege the particular facts and circumstances of the offense. *State v. Nussbaum,* 261 Or 87, 91-92, 491 P2d 1013 (1971); *State v. Darlene House & James House,* 260 Or 138, 489 P2d 381 (1971). Nor was it necessary to allege the name of the person to whom the narcotic was sold, *People v. Gelardi,* 77 Cal App 2d 467, 175 P2d 855 (1946), or that the quantity sold was a usable amount. *Locke v. State,* 169 Tex Crim 361, 334 SW2d 292, 293 (1960).

In support of his second assignment defendant contends that (a) he was acting as a purchasing agent and not a seller and (b) he was entrapped by the officer.

■ We agree with the trial court's finding that defendant was a seller of the drug and not an agent of the purchaser. *People v. Richards,* 198 Cal App 2d 465, 17 Cal Rptr 845 (1961). He was acting in his own interests and charged a fee in the form of one-fourth of the narcotic tablet for his services. *Compare, State v. Buchanan,* 8 Or App 150, 493 P2d 184 (1972). Furthermore ORS 474.010 (10) provides:

> " 'Sale' includes barter, exchange or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employe."

■ As to the asserted entrapment, the evidence here showed that the crime charged did not originate in the

mind of the agent. The testimony established that defendant was already engaged in an existing course of similar crimes before he met the undercover agent, and that the agent did not initiate the contact with defendant. The fact that the agent did not definitely learn that defendant was an addict until some time after the first transaction did not make the sale an entrapment. Defendant's claim that he was entrapped cannot be sustained. *State v. LeBrun,* 245 Or 265, 419 P2d 948 (1966), *cert denied* 386 US 1011 (1967). *See also* Annotation, 33 ALR2d 883, 886-91 (1954).

Affirmed.