Argued December 1, reversed and remanded December 22, 1972,
petition for rehearing denied January 17, 1973

# STATE OF OREGON, *Respondent, v.* DAVID BUTLER KNIGHTEN (No. C 72-02-0535), *Appellant.*

504 P2d 761

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant, having waived jury trial, appeals from a conviction by the court of the offense of illegal sale of narcotics and the sentence of three years' imprisonment.

Defendant's first assignment of error is that the trial court erred in denying his motion to set aside the indictment on the ground that there was no showing that the indictment was presented to the court in the manner prescribed by ORS 132.410. That section provides that an indictment, when found and properly indorsed, shall be presented to the court by the foreman in the presence of the grand jury and filed with the clerk.

■■ No reporter is required to be present at grand jury proceedings unless specially ordered by the court, ORS 132.090, and there is a presumption of regularity in all proceedings in a criminal case preliminary to the matters required to be shown by the transcript. *State v. Reinhart*, 26 Or 466, 38 P 822 (1895). Defendant, as the movant, had the burden of overcoming that presumption, and we find that he did not do so. The only support offered by defendant for his motion was an affidavit executed by defense counsel to the effect that (1) while a deputy district attorney from 1963 to 1967 he had observed that Multnomah County grand juries followed a procedure which did not comply with the statutory requirements and (2) he had observed this same improper procedure on approximately ten occasions between October of 1971 and March of 1972 (the time of the motion). The procedure referred to by counsel's affidavit was that a deputy district attorney handed the indictments to the court, and that the court thereafter handed them to the clerk of the court.

If the existence of such an unauthorized procedure had been established in this case, the question of its propriety would be squarely presented. However, we do not believe that counsel's affidavit of his observations on the other occasions overcomes the pre-

sumption of regularity in this case. Direct evidence of the procedure followed in this case was available to the defense. For instance, the foreman of the grand jury, the judge, or the clerk of the court could have been called as witnesses at the hearing on the motion to testify as to what happened when the indictments were presented. Since such direct evidence was not presented, we do not believe that the affidavit in this case was entitled to much weight. *Cf.* ORS 17.250 (6), (7).

■ The second assignment of error is that the trial court erred in overruling defendant's demurrer to the indictment relating to its definiteness and certainty. Defendant challenges the sufficiency of the indictment on the ground that it is vague as to time and place. The indictment recited that "* * * on or about November 4, 1971 in the County of Multnomah, State of Oregon * * *" defendant feloniously sold heroin. This was sufficient. ORS 132.610; 132.620; *State v. Kelsaw,* 11 Or App 289, 502 P2d 278, Sup Ct *review denied* (1972).

■■ The demurrer also claimed insufficiency of the indictment for failure to allege the person to whom the narcotic was sold. While the better practice would seem to be to include such in the indictment, it is not required. *State v. Kraemer,* 9 Or App 220, 495 P2d 1241, Sup Ct *review denied* (1972). In any event, the defendant was advised prior to trial that Officer Wilson was the alleged purchaser. Defendant's demurrer also challenged the indictment on the ground that it failed to negative the exemptions from criminal liability contained in the narcotics statutes. It was not necessary that the indictment include such allegations. ORS 474.180; *State v. Alexander,* 6 Or App 526, 487 P2d 1151, Sup Ct *review denied* (1971).

■ Defendant's third assignment of error urges that the court erred in allowing a witness to refuse to answer certain questions on the ground that his answers might tend to degrade him in the community. In the state's case, the undercover officer who had allegedly purchased heroin from defendant testified that defendant made the sale directly to him, and that one Willie Jacob and one Mack Spurlock were present at the time the sale took place. Defendant's major theory of defense was that he gave Spurlock the heroin because of Spurlock's apparent need and that Spurlock then turned the heroin over to the police officer. Defendant called both Jacob and Spurlock as witnesses. After the court warned Jacob of his privilege against self-incrimination, defendant① asked Jacob whether he had been working with the police, and Jacob refused to answer the question. Defendant requested the court to rule as to whether an answer to that question would incriminate Jacob, and the court told defendant that in addition to his privilege against self-incrimination, the witness also had the right to refuse to answer a question which might tend to degrade him or humiliate him in the community. Defendant thereafter abandoned that line of inquiry, and the court never ruled specifically whether his answer to such a question would tend to degrade him.

Again, when Mack Spurlock was called as a witness on behalf of the defendant, the court advised Spurlock that the Fifth Amendment to the United States Constitution gives a witness the right not to answer a question which may tend to degrade him in the community, in addition to the privilege against

---

① The defendant appeared *in propria persona* in these proceedings and handled a substantial portion of the examinations and arguments himself.

self-incrimination. Defense counsel objected to the court advising the witness that the scope of the Fifth Amendment includes a right to refuse to answer because of possible degradation in the community.

ORS 44.070 provides as follows:

"A witness shall answer questions legal and pertinent to the matter in issue, though his answer may establish a claim against himself; but he need not give an answer which will have a direct tendency to subject him to punishment for a felony, or to degrade his character, unless, in the latter case, it is as to the very fact in issue or to a fact from which the fact in issue would be presumed. This privilege is the privilege of the witness and objection cannot be made by a party or his attorney. A witness must answer as to the fact of his previous conviction for a felony."

■ The language of the statute indicates that, contrary to the import of the trial court's advice that there is an absolute privilege protecting a witness from having to testify as to matters which are degrading, the privilege is quite limited. It is applicable only if two conditions exist: (1) the answer must have a direct tendency to degrade his character; and (2) the matter inquired into must go to something other than "the very fact in issue or to a fact from which the fact in issue would be presumed." If either or both of these conditions is absent, the witness must answer.[2]

---

[2] The state contends in its brief that this is a matter for the trial court's discretion and cites State v. Bacon, 13 Or 143, 9 P 393, 57 AR 8 (1886), for that proposition. However, *Bacon* did not deal with a situation involving the statutory privilege; it dealt, instead, with the inherent power of the trial court to limit "unreasonable and oppressive" questioning, "* * * the sole purpose of which is to disgrace the witness, and not to test his credibility. * * *" State v. Bacon, supra, 13 Or at 154-56.

The trial court made no determination as to the existence of these conditions, nor was it explained to defendant that they were conditions precedent to the witnesses' invoking the privilege. That fact, coupled with defendant's abandonment of the line of questioning, leads us to conclude that defendant's right to inquire may have been improperly curtailed.

In addition, we are not prepared to say that defendant was not prejudiced by this error. In this case significant factual discrepancies existed in the witnesses' testimony which made it important for the trier of fact, the court, to be able to assess the testimony properly. Whether a witness had been working with the police would be an obvious and important fact for the trier of fact to have before him in making such an assessment.

We conclude that the trial court erred in that it did not follow proper procedure in determining whether the witnesses might properly refuse to answer certain questions on the ground of probable degradation. The court should have determined the existence of the statutory conditions. We also conclude that the trial court's incomplete and inaccurate statement of the law in this area may have been prejudicial to the defendant and that this possibility of prejudice is sufficient to warrant the granting of a new trial.

Defendant's fourth assignment has no merit. Finally, because of our disposition of this case, we do not reach defendant's final assignment that the court erred in denying defendant's motion for a directed verdict of acquittal.

Reversed and remanded.