Argued November 28, reversed and remanded December 24, 1973

STATE OF OREGON, *Appellant, v.* HOWARD RAY SHADLEY (No. 20437), *Respondent.*

STATE OF OREGON, *Appellant, v.* GARY SPENCER (No. 20446), *Respondent.*

STATE OF OREGON, *Appellant, v.* DELBERT ANDREW ROWE (No. 20451), *Respondent.*

517 P2d 324

114

*John F. Hunnicutt,* Deputy District Attorney, St. Helens, argued the cause for appellant. With him on the brief was Robert A. Lucas, District Attorney, St. Helens.

*Robert P. VanNatta*, St. Helens, argued the cause for respondents. With him on the brief were VanNatta and Peterson, St. Helens.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

In these three consolidated cases, each defendant was charged with criminal activity in drugs, ORS 167.207, in separate indictments that merely alleged that the defendants "did * * * furnish Marihuana." The trial court sustained defendants' demurrers. The state's appeal presents two questions: (I) are the indictments insufficient because they fail to specify the person to whom illegal drugs were furnished?; and (II) are the indictments insufficient because they fail to specify the manner in which the drugs were furnished?

I

In *State v. Kraemer*, 9 Or App 220, 222, 495 P2d 1241, Sup Ct *review denied* (1972), we stated:

"* * * It was not necessary for the indictment * * * to allege the name of the person to whom the narcotic was sold, *People v. Gelardi*, 77 Cal App 2d 467, 175 P2d 855 (1946) * * *."

In *State v. Knighten*, 12 Or App 41, 44, 504 P2d 761 (1972), we stated:

"The demurrer also claimed insufficiency of the indictment for failure to allege the person to whom the narcotic was sold. While the better practice would seem to be to include such in the indictment, it is not required. State v. Kraemer, [supra]. * * *"

In this case, the state contends it is free to disregard our "better practice" comment in *Knighten,* because *Kraemer* and *Knighten* both hold that the identity of the person to whom illegal drugs are furnished need not be alleged in an indictment. Defendants contend that *Kraemer* and *Knighten* stand only for the proposition that failure to require an indictment to identify the recipient of drugs is not error; they suggest that trial judges have some discretion in pleading matters and, therefore, while it would not have been error to overrule the demurrers, it was not error to sustain them.

■ Art I, § 11 of the Oregon Constitution provides that a criminal defendant shall have a right "to demand the nature and cause of the accusation against him. * * *" The legislature provided for such a right in ORS 132.550:

"The indictment shall contain substantially the following:
"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended
* * *

"* * * * * *"①

The question of whether an indictment or any other

---

. ① All citations to statutes are to the versions that will be in effect after January 1, 1974. The statutes in effect before that date, upon which the trial court relied in these cases, would produce the same result. Specifically, the trial court relied upon the various requirements for specificity in an indictment stated in ORS 132.520 (2) (1971), 132.530 (1971) and 132.540 (1) (f) (1971). Effective January 1, 1974 all of these statutes are repealed. Oregon Laws 1973, ch 836, §§ 57, 358, 359. The Criminal Law Revision Commis-

accusatory instrument[8] complies with constitutional and statutory requirements is raised by demurrer. ORS 135.630 provides:

> "The defendant may demur to the accusatory instrument when it appears upon the face thereof:
> "* * * * *
> "(2) If the accusatory instrument is an indictment, that it does not substantially conform to the requirements of [ORS 132.550 (7)] * * *
> "* * * * *
> "(4) That the facts stated do not constitute an offense;
> "* * * * *
> "(6) That the accusatory instrument is not definite and certain."[9]

ORS 135.630 (6) is not directly relevant in this case because it only "sets out language that specifically applies the requirements that an indictment be definite and certain [ORS 135.630 (2)] to other accusatory

---

sion explained the repeals of those sections and the amendment to ORS 132.550 as follows:

"The amendments [of ORS 132.540] are designed to delete provisions that are unnecessary because they are covered in ORS 132.550, as amended * * *." Proposed Oregon Criminal Procedure Code, Commentary p 48.

"* * * The amendments [of ORS 132.550] * * * adopt language from ORS 132.520 (2) and incorporate it into * * * [ORS 132.550 (7)]. ORS 132.520 and 132.530 would be repealed." Proposed Oregon Criminal Procedure Code, Commentary p 49.

We understand this explanation by the draftsmen to mean that the same specificity requirement previously expressed in ORS 132.520 (2) (1971), 132.530 (1971) and 132.540 (1)(f) (1971) is now expressed in ORS 132.550 (7). No change of substance was intended.

[8] Oregon Laws 1973, ch 836, § 1 provides: "(1) 'Accusatory instrument' means a grand jury indictment, an information or a complaint."

[9] The quotation is from ORS 135.630 as it will read effective January 1, 1974. See n 1, supra.

instruments [i.e., informations and complaints]." Proposed Oregon Criminal Procedure Code, Commentary, p 168.

This leaves two grounds for demurrer that are possibly relevant to the indictments in this case: (1) whether the indictments do not state facts which constitute an offense, ORS 135.630 (4); and (2) whether the indictments do not substantially comply with ORS 132.550 (7) which, in effect, requires a definite and certain statement of the acts constituting the offense, ORS 135.630 (2).

At the outset, we note there is considerable ambiguity in the Oregon cases concerning these two different grounds for demurrers in criminal cases. Cases dealing with the first ground—whether the facts stated constitute an offense—often repeat that an indictment is sufficient if it uses the language of a statute creating a crime.[4] On the other hand, cases dealing with the second ground—a definite and certain statement of the facts—often require more than just the statutory language.[5] In other words, the ambiguity comes down to this: when a demurrer is based on ORS 135.630 (2) and 132.550 (7), is the relevant inquiry whether the indictment only states sufficient facts to constitute a crime, or, instead, whether, although the indictment states minimum facts constituting a crime, under the circumstances more specificity is required? Or the problem might be best stated by comparison with civil cases in which there can be a demurrer for

[4] State v. Tracy, 246 Or 349, 425 P2d 171 (1967); State v. Reynolds, 229 Or 167, 366 P2d 524 (1961).

[5] *See*, State v. Anderson, 242 Or 457, 410 P2d 230 (1966); State of Oregon v. Holland, 202 Or 656, 227 P2d 386 (1954); State v. Smith, 182 Or 497, 188 P2d 998 (1948).

failure to state a cause of action, ORS 16.260 (6), or a motion to make more definite and certain, ORS 16.110. In a criminal case, is a demurrer based on ORS 135.630 (2) and 132.550 (7) in effect a motion to make more definite and certain? If so, defendants' contention that the trial court would have a measure of discretion in passing on such a demurrer would seem to be well taken.⑥

In resolving this question, we look to the purposes that indictments are designed to serve in criminal procedure. Twenty-five years ago these purposes were stated to be:

"* * * (1) to inform the accused of the nature and character of the criminal offense with which he is charged with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the accused to avail himself of his conviction or acquittal thereof in the event that he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction * * *." *State v. Smith,* 182 Or 497, 500-01, 188 P2d 998 (1948).

More recent statutory changes reduce the importance of each of these purposes of an indictment. With reference to informing the accused so that he can prepare his defense, this can now be accomplished by way of the new criminal discovery statutes. Oregon Laws 1973, ch 836, §§ 213-220. With reference to a subsequent

---

⑥ Moe v. Alsop, 189 Or 59, 68, 216 P2d 686 (1950), *overruled on other grounds* Bay Creek Lumber Co. v. Cesla, 213 Or 316, 322, 322 P2d 925, 324 P2d 244 (1958) ("* * * a motion to make more definite and certain is addressed to the sound discretion of the court * * *."); *but see,* State v. Darlene House & James House, 260 Or 138, 143, 489 P2d 381 (1971) ("* * * the granting or denial of a bill of particulars is largely discretionary, which is not true of the granting or denial of a demurrer * * *.").

double jeopardy defense, if a defendant were convicted after trial, the identity of the offense for which he was convicted could be ascertained from both the indictment and the record of the trial. *Cf.,* Oregon Laws 1973, ch 836, §§ 26-29. With reference to a subsequent double jeopardy defense if the defendant pleaded guilty, and as far as enabling the court to pronounce judgment, both of these matters can be handled through both the indictment and the hearing on receipt of a guilty plea at which the trial court must now make "such inquiry as may satisfy the court that there is a factual basis for the plea." Oregon Laws 1973, ch 836, § 169.

■■ In light of these statutory changes, it would appear that Oregon criminal procedure has been and is now evolving toward the concept that an indictment is merely a formal method of initiating criminal proceedings and identifying the name of the crime that the accused is alleged to have committed. All other purposes served by indictments under older statutes 25 years ago are now served as well or better by newer statutory schemes. This being the case, policy considerations suggest: (1) a demurrer to an indictment based on ORS 135.630 (2) and 132.550 (7) is not analogous to a motion to make more definite and certain in a civil case; (2) contrary to defendants' contention, trial courts have little or no discretion in passing on such a demurrer; and (3) in this case, it was error to require greater specificity than contained in the indictments, i.e., that the defendants furnished marihuana.

The majority of more recent cases appears to be in accord. Some older cases have suggested or required that the identity of the victim of a crime be specified in an indictment. *State of Oregon v. Monk,* 193 Or 450, 238 P2d 1110 (1951); *State v. Underwood,* 79 Or 338,

115 P 194 (1916); *Wong Sing v. Independence*, 47 Or 231, 83 P 387 (1905); *see also, State v. Robinson,* 74 Or 481, 145 P 1057 (1915); *State v. Townsend,* 60 Or 223, 118 P 1020 (1911). Other cases, most of them decided more recently, reach the opposite result. *State v. Nussbaum,* 261 Or 87, 491 P2d 1013 (1971); *State v. Rood,* 234 Or 196, 380 P2d 806 (1963); *State v. Langley,* 214 Or 445, 315 P2d 560, 323 P2d 301, *cert denied* 358 US 826 (1958); *State v. Pearlman,* 154 Or 52, 58 P2d 1253 (1936); *State v. Light,* 17 Or 358, 21 P 132 (1889).

■ The most recent case, *State v. Nussbaum,* supra, appears to be controlling here. That case, like this one, involved demurrers based on the grounds now stated in ORS 135.630 (2) and 132.550 (7). The Supreme Court noted some of the confusion about the proper nature and scope of such a demurrer, 261 Or at 92, but concluded that regardless of the exact nature of such a demurrer:

> " 'The names of third persons who are necessary parties to the consummation of the offense charged in the indictment or who would constitute a necessary part of the description of the offense should, if known, be alleged; but *unless a statute required it, the name of a third person whose identity is not an essential element of an offense or material* to the commission thereof need not be stated.' (Emphasis added)" 261 Or at 96, quoting with approval from IV Wharton, Criminal Law and Procedure 595, 597, § 1781 (Anderson 1957).

We interpret this quotation to be a reconciliation of the various results reached by Oregon cases and a holding that, as a matter of law, the identity of persons connected with a criminal offense need not be stated in an indictment unless such identity is an essential element of the crime charged.

■ Under ORS 167.207 it is a crime to furnish narcotic or dangerous drugs. " 'Furnishes' means to sell, barter, exchange, give or dispose *to another* * * *." (Emphasis supplied.) ORS 167.202 (3). The identity of the person to whom drugs are furnished is not an essential element of this crime. It follows that in light of the purposes served by indictments under contemporary criminal procedure, and in light of the lines of cases culminating in *State v. Nussbaum,* supra, the trial court erred in holding the present indictments defective for failure to identify the person to whom drugs were furnished.

## II

■ The trial court also erred in holding the indictments insufficient for failure to specify the manner in which drugs were furnished. As used in the prohibition against criminal activity in drugs, ORS 167.207, "furnishes" means

> "* * * to sell, barter, exchange, give or dispose to another, or to offer or agree to do the same, and includes each such transaction made by any person, whether as principal, proprietor, agent, servant or employe." ORS 167.202 (3).

Thus, "furnishes" is a single concept that may be proven in a number of ways. *See, State v. Reed,* 15 Or App 593, 517 P2d 318 (1973) ; *State v. Boyd,* 15 Or App 650, 517 P2d 321 (1973), Sup Ct *review denied* (1974). The single concept of "furnishes" is functionally equivalent to the single concept of "theft" which we have previously held sufficient to state a crime. *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973). For the reasons stated in *Jim/White,* "furnishes," without additional specificity, is likewise sufficient to state a crime.

■■ We assume that during the course of discovery defendants will learn both the manner in which they supposedly furnished drugs and the person to whom they supposedly furnished drugs. However, if the state refuses to put such information in an indictment, and if for some reason it is not disclosed during discovery, and if defendants claim that they are in fact surprised by the state's evidence at trial, then as we observed in *Jim/White,* the defendants should be granted continuances in order to prepare their defense. 13 Or App at 221, n 2. To avoid any possibility of such a disruption in the course of trial, we still think that supplying these details to defendants before trial would be the "better practice." *State v. Knighten,* supra, 12 Or App at 44. But that decision is for the state. The law does not require statement of such details in an indictment.

Reversed and remanded.