Argued November 27, 1973, reversed and remanded
January 7, 1974

## STATE OF OREGON, *Appellant, v.* JOHN PERSHING ANDREWS (No. 5054), *Respondent.*

517 P2d 1062

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. On the brief were Lee

Johnson, Attorney General, and John W. Osburn, former Solicitor General, Salem.

*Burl L. Green,* Portland, argued the cause for respondent. On the brief were James M. Pippin, and Green, Griswold & Pippin, Portland.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

SCHWAB, C. J.

Defendant was charged with manslaughter, ORS 163.125, by the following indictment:

"* * * * * *

"The said defendant on or about the 9th day of January, 1973, in the County of Jefferson, State of Oregon, did unlawfully and recklessly, without justification or excuse, cause the death of Vera Gilbert by driving an automobile operated by him into an automobile operated by the said Vera Gilbert, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

"* * * * * *"

The trial court sustained defendant's demurrer on the grounds that the indictment did not comply with the specificity requirements now stated in ORS 132.550 (7).[1] The state appeals. We reverse.

_____

[1] ORS 132.550 states:

"The indictment shall contain substantially the following:

"* * * * *

"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended * * *

"* * * * * *"

██ Following the language of the manslaughter statute, the indictment alleges defendant "recklessly * * * cause[d] the death of" another. This is sufficient to state a crime. The statutory requirement of "a statement of the acts constituting the offense," ORS 132.550 (7), is satisfied by the allegation of defendant's act of recklessly "* * * driving an automobile operated by him into an automobile operated by the * * *" victim. *See, State, v. Darlene House & James House,* 260 Or 138, 489 P2d 381 (1971).

We anticipate defendant will learn much more about what the state intends to prove during the course of pretrial discovery pursuant to the new criminal discovery statutes. Oregon Laws 1973, ch 836, §§ 213-220; *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 517 P2d 324 (1973). If the defendant is surprised by the state's evidence at trial, he should be granted a continuance to prepare his defense. The availability of pretrial discovery and, if necessary, a continuance during the trial fully protect a defendant's right to notice of what he must defend against, and counsel against requiring particulars in an indictment which still, under the New Oregon Criminal Procedure Code, cannot be amended to conform to the proof.

Reversed and remanded.

---

As in State v. Shadley/Spencer/Rowe, 16 Or App 113, 517 P2d 324 (1973), we cite the statutory language from the new code of criminal procedure since it essentially states the same rules expressed by the older, now repealed statutory language.