Argued and submitted March 15, reversed and remanded
for trial May 12, reconsideration denied June 24,
petition for review denied August 24, 1982 (293 Or 483)

## STATE OF OREGON,
*Appellant,*

*v.*

## NEIL VICTOR STRANDQUIST,
*Respondent.*

(No. MC81-375, CA A22989)

644 P2d 658

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

John Bennington, Assistant Public Defender, Coos County Public Defender, Coquille, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals a district court order sustaining defendant's demurrer to a complaint charging him with resisting arrest. ORS 162.315.[1]

Defendant demurred on the grounds that the complaint (1) is not definite and certain and (2) fails to state the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended. Defendant contends that ORS 162.315(2) defines "resist" in alternative forms, *i.e.*, (1) the threat of physical force, (2) the use of physical force, (3) the threat of violence, (4) the act of violence, or (5) any other means that creates a substantial risk of physical injury to any person, and that it is not clear from the complaint which form the state is charging.

■ In *State v. Crane,* 46 Or App 547, 612 P2d 735, *rev den* 289 Or 903 (1980), we found ORS 162.315 constitutional in the face of a challenge that it is vague and overbroad. The issue then is whether the complaint is legally sufficient. We hold that it is and reverse and remand for trial.

The complaint alleges in relevant part that defendant

" * * * did unlawfully and intentionally resist Curtis M. Decker, a person known by said defendant to be a peace officer, in making an arrest * * *."

Defendant relies on *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977). The issue in *Sanders* was whether, in an indictment for burglary, the state must specify the crime it charges the defendant intended to commit when he allegedly unlawfully entered a building. The Supreme Court

---

[1] ORS 162.315 provides:

"(1) A person commits the crime of resisting arrest if he intentionally resists a person known by him to be a peace officer in making an arrest.

"(2) 'Resists,' as used in this section, means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person.

"(3) It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest, provided he was acting under color of his official authority.

"(4) Resisting arrest is a Class A misdemeanor."

held that an indictment failing to specify the crime intended is subject to demurrer on the ground that it is not definite and certain. 280 Or at 691. The *Sanders* court gave three reasons for its holding: (1) the long practice in Oregon of specifying the intent which the defendant is charged with having at the time of the breaking and entering, (2) the unanimous view of other jurisdictions with comparable statutes that it is necessary to specify the intent and (3) the lack of any showing of prejudice to the state by continuing such practice. None of those reasons is applicable here.

■ The complaint charges defendant in the language of the statute with resisting arrest. The general rule is that a pleading in the language of the statute is sufficiently specific and will survive a demurrer. *State v. Tracy,* 246 Or 349, 354, 425 P2d 171 (1967); *State v. Huennekens,* 245 Or 150, 154, 420 P2d 384 (1966); *State v. East,* 31 Or App 743, 745, 571 P2d 195 (1977).

Criminal discovery statutes, ORS 135.805 *et seq.,* afford defendant the opportunity to obtain specific and detailed information about the state's theory of its case and the evidence it intends to produce at trial. We have recognized that the purposes that indictments and complaints are designed to serve in criminal cases are now served as well or better by discovery. *State v. Shadley/Spencer/Rowe,* 16 Or App 113, 199-20, 517 P2d 324 (1973). The trial court erred when it sustained defendant's demurrer.

Reversed and remanded for trial.