Argued and submitted October 28, 1988, affirmed May 24, reconsideration denied August 18, petition for review denied September 19, 1989 (308 Or 382)

STATE OF OREGON,
*Respondent,*

*v.*

TERRY JAMES WHITE,
*Appellant.*

(10-83-01183, 10-83-03087;
CA A47182 (Control), A47183)
(Cases consolidated)

773 P2d 824

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions for murder, ORS 163.115, and arson in the first degree, ORS 164.325, arguing that the state was barred from prosecuting him. We affirm.

Defendant, Kell and Harris were indicted for arson and the aggravated murder of Robert Harris. Kell and Harris were tried separately. Before defendant's trial, he was called as a witness at Harris' trial, but he declined to testify, even though he was offered use and derivative use immunity under *former* ORS 136.619.[1] He was found in contempt and appealed that conviction. Defendant then testified at his own trial, at which he was convicted of aggravated murder. Subsequently, he was called as a witness at Harris' retrial, but again he declined to testify. The state obtained an order compelling him to testify in return for use and derivative use immunity under *former* ORS 136.619. He testified, repeating the testimony that he had given at his own trial.

After Harris' second trial, defendant's contempt conviction was reversed, *State v. White,* 69 Or App 210, 683 P2d 1038, *aff'd* 298 Or 392, 693 P2d 26 (1984), on the basis of *State v. Soriano,* 68 Or App 642, 684 P2d 1220, *opinion adopted* 298 Or 392, 693 P2d 26 (1984), in which the Supreme Court held that only transactional immunity, not use and derivative use immunity, is an adequate substitute for giving up the right not to testify against oneself under Article I, section 12. It held that witnesses who refuse to testify under a grant of use and derivative use immunity could not be held in contempt.

---

[1] *Former* ORS 136.619 provided:

"After complying with the order to testify or produce evidence and if but for ORS 136.617 the witness would have been privileged to withhold the answer given or the evidence produced, such testimony or evidence, or any information directly or indirectly derived from such testimony or evidence, may not be used against a person in any proceeding or prosecution for a crime or offense concerning which the witness gave answer or produced evidence under court order. However, the witness may nevertheless be prosecuted or subjected to penalty for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order. If a person refuses to testify after being ordered to testify as provided in this section, the person shall be subject to penalty for contempt of court for failure to comply with the order."

The statute was amended by Or Laws 1985, ch 709, § 1, to provide transactional immunity for witnesses.

Subsequently, the Supreme Court reversed defendant's conviction for aggravated murder on the ground that remarks made by the prosecutor were prejudicial and that defendant was entitled to a lesser included offense instruction. *State v. White,* 303 Or 333, 736 P2d 552 (1987). The case was remanded for trial. When the state sought to retry defendant, he moved to dismiss. The trial court denied the motion. Defendant stipulated to facts on which the trial court found him guilty of first degree arson and murder.

Defendant assigns as error the trial court's denial of his motion to dismiss, arguing that *State v. Soriano, supra,* converted the use and derivative use immunity that he was given under *former* ORS 136.619 to transactional immunity, thus barring further prosecution on the murder and arson charges. The state argues that *Soriano* should not be applied retroactively. However, this case does not present a question of retroactivity. In *Soriano,* the defendants refused to comply with the court's order to testify in exchange for use and derivative use immunity under the then existing version of ORS 136.619. They were convicted of contempt. The Supreme Court reversed the convictions. It did not hold that immunity granted by the statute was transformed into transactional immunity.

The authority to immunize witnesses derives solely from statute. The decision to create immunity, and the nature of that immunity, is a legislative matter. If defendant was dissatisfied with the grant of immunity at Harris' second trial, he could again have refused to testify. He accepted that immunity by testifying, and we may not now transform the immunity that he accepted into something that he would have preferred. There is, therefore, no *Soriano* problem. The trial court properly denied defendant's motion to dismiss.

Affirmed.